STATE v. MELVIN H. DILLON.

155 N. W. (2d) 453.

January 12, 1968—No. 40,410.

C. Paul Jones, State Public Defender, Roberta K. Levy, and Robert E. Oliphant, for appellant.

Douglas M. Head, Attorney General, George M. Scott, County Attorney, and Henry W. McCarr, Jr., Assistant County Attorney, for respondent.

SHERAN, JUSTICE.

Appeal from a judgment of conviction.

On August 6, 1965, at about 11:45 p. m., entry to the Rest Home Drug Service, Inc., at 35th Street and Hennepin Avenue in Minneapolis was obtained through a front window. The event was reported to the police promptly and patrolling officers stopped a car fitting the description of one which had been observed leaving the scene of the crime. The occupants of this car included the defendant. Detectives of the Minneapolis Police Department came to the place where the car was stopped and informed the defendant and his companions that they were being held for investigation on account of the burglary of the drug store. They were taken to the Hennepin County Jail. On the following morning, at about 6 a. m., two detectives questioned defendant as to his participation in the burglary. When defendant informed the detectives that he wished to consult with an attorney, this questioning was terminated. However, one of the police officers took the defendant's clothing, which was sent to the State Crime Laboratory. Tests were made which indicated that glass and wood fragments and fibers found on the clothing were like glass and wood fragments taken from the drug store window. There was no search warrant authorizing this procedure.

Defendant was charged with the crime of burglary. Minn. St. 609.58, subd. 2(3). Represented by an attorney of his own selection, he entered a plea of not guilty. Trial by jury was waived. The trial judge found the defendant guilty as charged and imposed sentence committing defendant to the custody of the commissioner of corrections for a term not to exceed 5 years.

Upon this appeal, it is contended that the trial court erred in receiving in evidence the clothing taken from defendant as indicated on August 7, 1965; the particles extracted from the clothing when it was examined;

and the testimony linking these particles with the broken window of the drug store where the burglary occurred. The sufficiency of the evidence to support the verdict of guilty is also contested.

■ The right of police officers to take and examine the clothing of a prisoner properly in their custody after consummation of the arrest is established by our decision in State v. Dill, 277 Minn. 40, 151 N. W. (2d) 413.

■ We have examined the evidence and conclude that it amply supports a finding that defendant at the time in question entered the drug store without the consent of the person in lawful possession with intent to commit a crime therein. State v. Crosby, 277 Minn. 22, 151 N. W. (2d) 297.

Affirmed.