## STATE v. ELGENE BOGAR.

158 N. W. (2d) 501.

April 26, 1968—No. 40,866.

*C. Paul Jones,* State Public Defender, and *Murray L. Galinson,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, Sheran, and Peterson, JJ.

SHERAN, JUSTICE.

Appeal from a judgment of conviction of the offense of unlawful possession of narcotic drugs.

A search of the defendant incident to his arrest on July 21, 1966, yielded a tablet of dilaudid, an opium derivative. The only issue on appeal is whether there was probable cause for the apprehension.

The evidence justifies the determination of the trial court that there was probable cause for the arrest. The prearrest information possessed by the apprehending authorities included the following:

(1) A report was received by George C. Bendt, supervisor of the Narcotics Division of the Minneapolis Police Department, from an in-

formant about 3 p. m. July ·21, 1966, to the' effect. that defendant and one Benjamin Wiley were planning to proceed together from the Wiley home at 2214 Twelfth Avenue South to the residence of one Kenneth Burton located at 2215 Tenth Avenue South soon after the call and that they would most likely have narcotics in their possession.

(2)   Burton, the resident at the Tenth Avenue address, was a known narcotics user according to police records.

(3)   Defendant was known by Mr. Bendt (on the basis of personal experience) to be a person previously involved in narcotics traffic and having a criminal record which included a 1959 narcotics conviction. In addition, Mr. Bendt had recently read a police memorandum which stated that the defendant was presently involved in· selling narcotics.

(4)   Benjamin Wiley, according to the police records, had been released from the St. Cloud Reformatory· shortly before and was reportedly "back in the narcotics activities." Further, and with 'specific reference to Wiley, Bendt had prearrest information from identified and reliable persons that on recent occasions young people had been observed approaching the residence at 2214 Twelfth Avenue South and being met there by a man who came·out of the house and handed "something" to the transitory visitors in exchange for money.

(5)   The information given in the past by the informant to Supervisor Bendt had proved reliable to. the extent. indicated by this testimony:

"I had known this informant for approximately two or three years. I have received information from this informant which has proven to be true or this informant has told me things that I had known to be true because I have checked these things out.

   *  *  *  *  *

"* * * I had talked to the informant many times * * * where the information had been reliable."

(6)   Just before the arrest, Mr. Bendt and a fellow officer observed defendant and Wiley proceeding (as the informant had predicted they would) to the Burton house. They used a path through the block separating the Wiley and Burton residences in the manner and at the time

forecast by the informant. Five minutes later, the officers saw defendant and Wiley, who had apparently entered the Burton residence, "come around to the side of the address at 2215 Tenth Avenue" and return to the Wiley home. As they came around the side of the Wiley home, the arrest and search were made and the incriminating evidence discovered upon defendant's person.

Affirmance is required by our decision in State v. DeSchoatz, 280 Minn. 3, 157 N. W. (2d) 517, and authorities therein discussed.

Affirmed.