## STATE v. ROGER LeROY SUESS.

159 N. W. (2d) 180.

May 24, 1968—No. 40,789.

*C. Paul Jones,* State Public Defender, and *Richard W. Swanson,* for appellant.

*Douglas M. Head,* Attorney General, *George M. Scott,* County Attorney, and *Henry W. McCarr, Jr.,* Assistant County Attorney, for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment of conviction for the offense of burglary, Minn. St. 609.58, subd. 2(3). It is contended that the court erred in denying defendant's motion to suppress evidence seized under a search warrant issued without probable cause.

The record would indicate that the arrest and prosecution of defendant and his confederate arose from the acts and interest of two private citizens who chose to become involved in protecting the public. It appears that one Clifford C. Carlson maintained a residence adjacent to his grocery store and tavern. At 3 a. m. on September 17, 1966, he was awakened by a burglar alarm, which he had installed. After arming himself he attempted to arrest two persons leaving the rear entrance of his store. He ordered them to surrender. However, the taller of the two—a man of about 6 feet, of slender build, and wearing a dark jacket—drew a gun and shots were exchanged. Both Carlson and the shorter man, later identified as Ronald Vlasnik, defendant's roommate, were wounded in the exchange. The taller burglar, later identified as defendant, Roger Le-Roy Suess, escaped for the moment. The police arrived promptly and found four .45 caliber empty shell casings and, on the street near Carlson's store, a parked car with a warm engine. A license number check revealed defendant's name and address and description. In the early afternoon of September 17, the police apprehended him.

The next day, September 18, Mrs. Walter Caughfey, the resident manager of the apartments where defendant resided, read in the newspaper

of his arrest. She took it upon herself to enter his room where she discovered a canvas bag, a box with the inscription "Colt," a hand gun and cartridge, and a dark jacket. On advice of her employer, she called the police and reported to them what she had found. The police secured a search warrant and, on executing it, found the articles which Mrs. Caughfey had described. The items were sent to the State Crime Laboratory where tests showed that the gun, a .45 caliber, was the same gun which had been fired by the fleeing burglar. The testimony of a former roommate of defendant was that defendant kept guns, one of which was described as "quite powerful." The search warrant was secured pursuant to Minn. St. 626.07.[1]

It is contended that the evidence secured as a result of the search should have been suppressed because the warrant was obtained without probable cause.[2] Defendant complains:

---

[1] Minn. St. 626.07, so far as applicable here, provides:

"A search warrant may be issued upon any of the following grounds:

\* \* \* \* \*

"(2) The property or things were used as the means of committing a crime;

\* \* \* \* \*

"(5) The property or things to be seized consist of any item or constitute any evidence which tends to show a crime has been committed, or tends to show that a particular person has committed a crime.

"The property or things described in this section may be taken pursuant to the warrant from any place, or from any person in whose possession they may be."

[2] The affidavit upon which the warrant was issued states: "That this affiant is a detective in the Burglary Division of the Minneapolis Police Dept. and that on Sept. 20, 1966, he was informed by Mrs. Walter Caughfey that she had rented an apartment to one Roger Suess on Sept. 15, 1966. He was further informed by Mrs. Caughfey that she is the caretaker at the Adams Apartments located at 500 South Tenth Street and that after reading in the paper that Mr. Roger Suess had been arrested, she went up to his apartment in said building and started going through his belongings and in so doing found the items listed above. She called the Minneapolis Police Department after discovering the above items, and reported her findings to them. On September 20, 1966 your affiant, after receiving a note to the effect that the caretaker had called the Minneapolis Police Department and so informed

"* * * The magistrate was not informed as to why the appellant was arrested or how he happened to be a suspect in the first place.

It is submitted that the lack of this key information made it impossible for there to be a finding of probable cause based upon the detective's affidavit."

The affidavit does not establish that the gun and jacket were necessarily used in the burglary, but shows circumstances indicating this to be likely. The affidavit further informed the issuing magistrate that defendant had been arrested after police investigation in connection with the burglary; that a .45 caliber automatic pistol had been used in the burglary; that one or both of the burglars wore dark, waist-length jackets; and that the resident manager of the apartment building in which defendant had rented a room just 2 days before the burglary observed in the room a gun, ammunition, and jacket, all corresponding to those employed in the burglary. It seems to us that the affidavit sufficiently sets forth facts to establish that the crime of burglary had been committed; that defendant was implicated in the crime since he was arrested after the investigation; and that there was present in his room a gun and clothing which were probably used by him in the commission of the alleged offense.

In United States v. Ventresca, 380 U. S. 102, 85 S. Ct. 741, 13 L. ed. (2d) 684, it was held that where an affidavit for a search warrant details the underlying circumstances upon which is based a belief that probable cause exists, reason for crediting the source of the information

---

them of her findings made a phone call to the above caretaker and she affirmed what she told the Police Department the previous evening.

"Your affiant in the process of investigating a burglary that occurred at 5600 Cedar Ave. So., learned that one of the suspects in that matter fired a .45 caliber automatic at the owner of Carlson's Tavern. After further investigation by your affiant Roger Suess was arrested in connection with said burglary. Your affiant learned from the caretaker of the above Apartment that room 122 was rented to one Roger Suess on Sept. 15, 1966. Your affiant also learned thru his investigation of Burglary that one or both suspects wore dark waist length jackets; that by reason of this information, your affiant believes that the items listed above or portion thereof are now in the Adams Apartments, Room 122."

is given, and a magistrate has found probable cause, the courts should not invalidate the warrant by interpreting the affidavit in a hypertechnical, rather than a commonsense, manner, and should resolve doubtful or marginal cases according to the preference to be accorded to warrants. In United States ex rel. Schnitzler v. Follette (2 Cir.) 379 F. (2d) 846, 848, the court, in considering an asserted defect in the affidavit for the warrant, said:

"If * * * we eschew technicalities and approach with commonsense not only the affidavit but the statement of the affiant on which the judge also relied, we should construe the officer's statement as meaning in effect: 'There is a basis for believing this informant because an arrest has already been made, thereby proving that the information he supplied is reliable.' "

Other courts, in considering the question of reasonableness for a search warrant, have expressed the same view to the effect that the test of probable cause is met if the affidavit sets forth competent evidence sufficient to lead a reasonably prudent man to believe that there is a basis for the search. People v. Kipp (Cal. App.) 63 Cal. Rptr. 349, 352; People v. Kesey, 250 Cal. App. (2d) 669, 671, 58 Cal. Rptr. 625, 626; State v. Johnson (R. I.) 230 A. (2d) 831; State v. Mark, 46 N. J. 262, 273, 216 A. (2d) 377, 383; United States v. Phillips (7 Cir.) 375 F. (2d) 75, 79. In the recent case of State ex rel. Duhn v. Tahash, 275 Minn. 377, 380, 147 N. W. (2d) 382, 385, we said:

"* * * [I]t is not necessary that each allegation be independently documented or each fact leading to complainant's conclusion be spelled out. 'It simply requires that enough information be presented to the [magistrate] to enable him to make the judgment that the charges are not capricious and are sufficiently supported to justify bringing into play the further steps of the criminal process.' "

See, also, Rugendorf v. United States, 376 U. S. 528, 84 S. Ct. 825, 11 L. ed. (2d) 887. It is our view that the foregoing authorities require affirmance.

Affirmed.