UNITED STATES of America, Plaintiff,

v.

Raymond PEARSON and Earl Smith Herrell, Defendants.

No. 4–68 CR. 69.

United States District Court
D. Minnesota,
Fourth Division.

Dec. 18, 1968.

Floyd E. Boline, Asst. U. S. Atty., Minneapolis, Minn., for plaintiff.

Ellis Olkon, Minneapolis, Minn., for defendants.

NEVILLE, District Judge.

Before the court is a situation where a federal narcotics agent and the local police duly obtained a valid warrant to search the hotel room of two individuals suspected of possession of narcotics but prior to execution of the warrant arrested the two suspects on the basis of later acquired information that they were about to flee. Incident to the arrest the officers found narcotics on the person of each suspect and a gun on one. These items were seized. The court is now asked to suppress this evidence on the claim the search and seizure was illegal.

An undercover agent for the Federal Bureau of Narcotics and Dangerous Drugs, Edgar J. Muhlhauser, testified that some four or five months prior to the actual arrest he had received confidential information concerning one "Sticks" who allegedly lived in New York and was said to make trips to Minneapolis, Minnesota every ten days or thereabouts with narcotics in his possession which he sold locally. At an earlier narcotics raid, the name of "Sticks" had been discovered in an address book with a Brooklyn, New York telephone number. The New York office of the Federal Bureau ascertained this number to be listed to one Raymond Pearson, who was known as "Sticks". The Minneapolis

agent was supplied with a photograph and background information concerning Pearson.

On August 20, 1968 the agent received information from an undisclosed person whom he describes as a reliable informant that at 1:00 A.M. "Sticks" and one "Bobby" had arrived from New York and had made sales of narcotics at a certain address. At this time the informant gave a description of "Bobby". He was later rather positively identified as Earl Smith Herrell. Further information was received that "Sticks" and "Bobby" had taken a taxicab to a downtown hotel at 6:33 A.M. Inquiry revealed that Room 415 at the hotel was registered to Ray Pearson. A face-to-face meeting was then had between one of the informants, Agent Muhlhauser and Detective George Bendt, a member of the Minneapolis police, at an out of the way place. At this time that informant was shown and positively identified a picture of "Sticks" as the man whom he had seen selling narcotics. Detective Bendt obtained a search warrant from Judge Neil A. Riley of the Minneapolis Municipal Court to search Room 415 of the hotel. After obtaining the warrant, Agent Muhlhauser, Detective Bendt and at least three other officers went to the hotel at about 4:30 P.M. on August 20, 1968 and by pre-arrangement rendezvoused in Room 414, across the hall from Room 415, the room to which the search warrant applied. Their apparent intent was to keep it under surveillance until the suspects arrived at the room.

The agent and police officers entered the hotel in pairs and by different doors. As they entered, two men answering the descriptions of "Sticks" and "Bobby" were observed by several officers in the lobby. The group had hardly gathered in Room 414 when a call from the hotel desk advised that the two suspects had called a taxicab, apparently intending to go to the airport. Three of the officers thereupon left Room 414 and returned to the lobby of the hotel. The two suspects were sitting on a couch. The officers advised them they were under arrest and stated they believed the suspects were carrying a gun and were in possession of narcotics. Detective Bendt "padded down" Ray Pearson and found a quantity of narcotics in his possession. Another officer followed the same procedure with Herrell and found a gun and some narcotics on his person. The gun and both finds of narcotics were seized. "Miranda" warnings immediately were given. Apparently neither suspect made any statement.

A later execution of the search warrant on Room 415 proved to be abortive except for the discovery of some paraphernalia normally employed in the use of narcotics. No warrant for the arrest (as distinguished from a search warrant for the room) of either of the suspects was ever obtained. Both Agent Muhlhauser and Detective Bendt testified that their undisclosed informants were reliable, that they had confidence in them, had relied on them before and that convictions had been obtained in other cases on the basis of information they had supplied.

The court is asked to rule that the arrest of these two suspects was without probable cause and hence the evidence seized incident thereto is not admissible at the trial.

■■ The law of search and seizure incident to arrest in the federal courts is that if an arrest is legal under state standards and not violative of federal constitutional rights the arrest and search incidental thereto is valid. Montgomery v. United States, 403 F.2d 605 (8th Cir. 1968). In the absence of an applicable federal statute, the law of the state where an arrest without warrant takes place determines its validity. Ker v. California, 374 U.S. 23, 34, 83 S.Ct. 1623, 10 L.Ed.2d 726 (1963).

■ Under the law of Minnesota, probable cause for an arrest has been defined to be a "reasonable ground of suspicion supported by circumstances sufficiently strong in themselves to warrant a cautious man to believe that the accused is guilty." State v. Bean,

280 Minn. 35, 157 N.W.2d 736, 740 (1968). "To constitute probable cause, the evidence connecting the suspect with the crime need not be such as would also convict the suspect." Bean, supra, at 741.

In cases similar to that at bar, the Minnesota Supreme Court has found sufficient probable cause to sustain arrests without warrant and a reasonable search incident thereto. See State v. Bogar, 280 Minn. 191, 158 N.W.2d 501 (1968); State v. De Schoatz, 280 Minn. 3, 157 N.W.2d 517 (1968); State v. Purdy, 278 Minn. 133, 153 N.W.2d 254 (1967). The arrest itself is sustained under Minn. Stat. § 629.34.

■ The federal constitutional standards as to probable cause for arrest when based on information supplied by an informant does not differ from the above cited Minnesota cases. Thus where the informant's reliability has been established by his having given agents of the Narcotics Bureau detailed information about other narcotics violators and their activities which information has proven accurate, the federal courts have found sufficient probable cause for the arrest. See McCray v. Illinois, 386 U.S. 300, 87 S.Ct. 1056, 18 L.Ed.2d 62 (1967); Draper v. United States, 358 U.S. 307, 79 S.Ct. 329, 3 L.Ed.2d 327 (1959); Churder v. United States, 387 F.2d 825 (8th Cir. 1968) (and cases cited therein); United States v. Pitt, 382 F.2d 322 (4th Cir. 1967); United States v. Repetti, 364 F.2d 54 (2nd Cir. 1966); Lee v. United States, 363 F.2d 469 (8th Cir. 1966); Smith v. United States, 123 U.S.App.D.C. 202, 358 F.2d 833, 837 (1966); United States v. Simpson, 353 F.2d 530 (2nd Cir. 1965); Vincent v. United States, 337 F.2d 891 (8th Cir. 1964); Bass v. United States, 326 F.2d 884 (8th Cir. 1964); Costello v. United States, 298 F.2d 99 (9th Cir. 1962); Hawkins v. United States, 288 F.2d 537 (8th Cir. 1961), cert. denied 366 U.S. 975, 81 S.Ct. 1943, 6 L.Ed.2d 1264.

■ The court recognizes as maxims the following propositions:

1. An unlawful arrest cannot be the foundation for a lawful search.
2. The mere success in finding narcotics cannot justify or legalize an otherwise illegal arrest.
3. Where there is no arrest warrant, the burden of proof in showing a valid arrest is on the government.

With these precepts in mind the court considers defendants' arguments.

(1) Defendants first argue that since the police sought and received a search warrant (and not an arrest warrant) from the local judge, this means that either they or that judge did not believe they had probable cause for an arrest; that since at the moment of arrest the police had no additional information, there could not have been probable cause even in the minds of the arresting officers.

■ The court believes it need not speculate as to why the police and the narcotics agent did not seek an arrest warrant or whether or not Judge Riley would have issued one. While both the spirit of the Fourth Amendment and teachings of the Supreme Court make it clear that securing a warrant from an unbiased magistrate is the preferable route for the police to take; and while the courts must ever be on guard against condoning unnecessary warrantless arrests, yet it must be recognized that given probable or reasonable cause to act, as defined by the above cases, the police may lawfully arrest without a warrant. To rule to the contrary would tie the hands of the police not only in cases where it is clear that there is not time to secure a warrant, but also in cases, such as the one at bar, where the need for police flexibility to meet changing circumstances is apparent. The court finds that the government has carried its burden in showing the necessary probable cause to arrest.

(2) Defendants' second contention is that since the police and the Federal

Narcotics Agent went to the defendants' hotel in order to search Room 415 and not to arrest the defendants, until after the search, the arrest is unlawful since it was merely incident to the search. This argument misses the point as to whether or not there was in fact probable cause for the arrest at the time it was made. Assuming, arguendo, that the primary purpose of the officers' trip to the hotel was to search the room, that does not answer the above question. None of the seven factors claimed in defendants' brief to show a search motive rather than an arrest motive are persuasive on the state of mind of the officers as to the existence or non-existence of probable cause to arrest at the time of arrest.

Defendants cite Jones v. United States, 357 U.S. 493, 78 S.Ct. 1253, 2 L.Ed.2d 1514 (1958), for the proposition that an arrest incident to search is not lawful. The case is inapposite primarily since the lawfulness of a search without an appropriate warrant was at issue, not the lawfulness of the arrest. There the arrest of the defendant was clearly being used as an afterthought to justify a warrantless search of his home. Likewise in McKnight v. United States, 87 U.S.App.D.C. 151, 183 F.2d 977 (D.C. Cir. 1950), the court condemned the practice of foregoing an arrest of the suspect in public so as to be able to follow him to his home and search that home "incident" to arresting him, a search without warrant. Clearly that is not what is before the court here.

Also cited is United States v. One 1963 Cadillac Hardtop, 224 F.Supp. 210 (E.D.Wis.1963) for the proposition that if an arrest is a sham or front for making a search, the arrest and ensuing search are both illegal. While this court has no quarrel with that statement, the particular case cited is not persuasive since 1) it was a civil libel proceeding and not the main criminal case; 2) the arrest in that case was for an alleged traffic offense not at all connected with the prosecuted offense. Similarly, see Bowling v. United States, 122 U.S.App. D.C. 25, 350 F.2d 1002 (D.C. Cir. 1965) cited by defendants.

Further cited is Henderson v. United States, 12 F.2d 528, 51 A.L.R. 420 (4th Cir. 1926), wherein the narcotics agents, failing to get permission from the suspect to search his room without a warrant arrested him and then made their search incidental thereto. Again it is clear that there the arrest was merely a pretext to permit the search. Unlike the *Henderson* case, here the officers did have reason to apprehend that the defendants would escape if the arrest was delayed until a warrant could be obtained.

The factual distinctions between the cases cited by defendants and the case at bar at least go to the facts and circumstances—the total atmosphere of the case. United States v. Rabinowitz, 339 U.S. 56, 66, 70 S.Ct. 430, 94 L.Ed. 653 (1950). The facts at bar show to the court's satisfaction that the search of the person of the defendants at the time of the arrest was reasonable within the meaning of the Fourth Amendment.

(3) Defendants' third point, the claimed absence of probable cause in informer cases is governed by what already has been said and there is nothing in the authorities cited by defendants persuasive to the contrary. This is not a case of an anonymous tipster or one whose reliability was not known to the arresting officers. Further there were sufficient supporting circumstances and information of which the arresting officers had knowledge to justify the arrest. In any event this court is bound by Minnesota law and federal constitutional standards. Based upon an application thereof, it cannot be said that the search incident to the lawful arrest was unreasonable. Therefore the court will not suppress the evidence.

A separate order has been entered.