# STATE v. STEVEN RAY BEERS.

176 N. W. (2d) 107.

March 6, 1970—No. 42129.

*Douglas M. Head,* Attorney General, *James J. O'Connor,* Special Assistant Attorney General, *Robert C. Tuveson,* County Attorney, and *Bob A. Goldman,* Assistant County Attorney, for appellant.

*Courtney A. Slife,* for respondent.

Heard before Knutson, C. J., and Sheran, Peterson, Frank T. Gallagher, and Theodore B. Knudson, JJ.

SHERAN, JUSTICE.

Appeal by the State of Minnesota from an order of the District Court of Freeborn County granting defendant's motion to dismiss an information on the ground that defendant was illegally arrested. The order is appealable. Minn. St. 632.11, subd. 1.

Defendant was arrested without a warrant by a deputy sheriff of Freeborn County on December 14, 1968. He was confined to

the county jail and while there marijuana was discovered in his clothing. If the arrest was illegal, this evidence was obtained improperly.[1]

The arrest without a warrant was illegal unless at the time of the apprehension the arresting officer had probable cause to believe that defendant had committed a felony.[2] The legality of the arrest having been challenged by defendant in the district court, the state was obligated to disclose to the trial court the facts constituting such probable cause.[3]

The trial judge, having considered the evidence offered by the state in justification of the arrest, has found as a fact that probable cause was not established. We believe this finding must be affirmed.

The arresting officer had made no personal observations giving him reason to believe that defendant was in possession of marijuana at the time the arrest was made. He had a suspicion of such a possibility based upon reports received from anonymous or unidentified informants who reported to the sheriff's office that defendant, upon returning from service, planned to pick up marijuana in California and bring it with him to Emmons, Minnesota, the home of his parents; and that marijuana could be found in defendant's suitcase. But evidence of suspicion based on vague reports from informants whose identity cannot be disclosed and whose reliability is not clearly established to the satisfaction of the trial court does not compel a finding of probable cause.[4] Had the trial judge found as a fact

---

[1] Cf. State v. Dillon, 279 Minn. 105, 155 N. W. (2d) 453; Robinson v. United States (8 Cir.) 327 F. (2d) 618.

[2] Minn. St. 629.34; Beck v. Ohio, 379 U. S. 89, 85 S. Ct. 223, 13 L. ed. (2d) 142.

[3] State ex rel. Rasmussen v. Tahash, 272 Minn. 539, 141 N. W. (2d) 3.

[4] State v. Burch, 284 Minn. 300, 170 N. W. (2d) 543; State v. McConoughey, 282 Minn. 161, 163 N. W. (2d) 568; State v. Suess, 280 Minn. 308, 159 N. W. (2d) 180; State v. Bogar, 280 Minn. 191, 158 N. W. (2d) 501; State v. DeSchoatz, 280 Minn. 3, 157 N. W. (2d) 517; Spinelli v. United

that probable cause was established, it is possible that the finding could have been sustained on appeal; but that is not the problem here where the trial judge, who heard the witnesses, found as a fact that probable cause did not exist at the time of the arrest.

It is true that at the time of the arrest the sheriff of Freeborn County had taken possession of a quantity of marijuana found in a suitcase under a bed in a room used by defendant in his parents' home. Defendant was absent at the time of this search and seizure. Although the suitcase undoubtedly belonged to defendant, the arrest cannot be justified in this case by the information discovered when it was searched for the reason, among others, that the search of the room was without defendant's consent and without a valid search warrant—a fact which the state concedes.[5]

Affirmed.

---

States, 393 U. S. 410, 89 S. Ct. 584, 21 L. ed. (2d) 637; Aguilar v. Texas, 378 U. S. 108, 84 S. Ct. 1509, 12 L. ed. (2d) 723; Ker v. California, 374 U. S. 23, 83 S. Ct. 1623, 10 L. ed. (2d) 726. See, Note, 54 Cornell L. Rev. 958.

[5] See, State v. Kotka, 277 Minn. 331, 152 N. W. (2d) 445, certiorari denied, 389 U. S. 1056, 88 S. Ct. 806, 19 L. ed. (2d) 853; United States v. Skinner (8 Cir.) 412 F. (2d) 98; Wong Sun v. United States, 371 U. S. 471, 83 S. Ct. 407, 9 L. ed. (2d) 441.