STATE v. STANLEY HENRY CVAR.

196 N. W. 2d 624.

April 14, 1972—No. 43260.

*Warren Spannaus,* Attorney General, *Keith Brownell,* County Attorney, and *David Naughtin,* Assistant County Attorney, for appellant.
*Jim Randall,* for respondent.

Heard before Knutson, C. J., and Murphy, Rogosheske, and Peterson, JJ.

PER CURIAM.
Appeal from an order of the district court in a criminal action charging defendant, Stanley Henry Cvar, with possession and control of a

narcotic drug in violation of Minn. St. 1969, § 618.02. The order suppressed certain evidence seized by arresting officers, and the state appeals pursuant to Minn. St. 632.11, subd. 1(3), 632.12, and 632.13. The trial court was of the view that the seizure of the evidence in question was violative of defendant's rights under U. S. Const. Amend. IV, as well as Minn. Const. art. 1, § 10. The appeal raises the question of whether information received from an anonymous informer, without further corroboration, constitutes reasonable cause for the search and seizure under the circumstances set forth in the following statement of facts.

An anonymous informer telephoned the Hibbing Police Department saying that an occupant of a white Chevrolet van, bearing a specified license number, had shortly prior thereto offered to sell him narcotics. The caller said that the van had departed, going in a certain direction. The caller did not identify himself, although his voice was described by the officer receiving the call as that of a young boy. No additional information was furnished. The police officer relayed the information to two deputy sheriffs then on duty who proceeded in the direction in which the van was reported to have been going. En route, they learned that the van was registered in the name of an individual known to one of the deputies as a drug user by reason of information received by him within the previous 9 months.

The police officers intercepted the van a short distance from Hibbing. The driver was ordered out of the vehicle and was searched, the search revealing nothing. Defendant, a passenger, was also ordered out of the van and was searched. An unopened can of beer was found in his jacket pocket and a 4-inch high bottle which contained 1/16 of an inch of beige-colored powder, presumably a contraband drug, was found in another jacket pocket. Upon discovery of the bottle, defendant was informed that he was under arrest, given the Miranda warnings, and taken to the police station.

Preliminary to trial, defendant moved to suppress the use in evidence of the bottle and its contents on the ground that their seizure had been made without probable cause. The trial court granted the motion. The narrow question presented is whether, under the undisputed facts in this case, the police officers had probable cause to search for and seize the evidence in question.

We agree with the trial court that the bald and uncorroborated report of the anonymous informer was not sufficient by constitutional standards to provide the arresting officers with probable cause to make the seizure. No purpose would be served by a detailed analysis of the au-

thorities which support this conclusion. State v. Suess, 280 Minn. 308, 159 N. W. 2d 180 (1968); State v. DeSchoatz, 280 Minn. 3, 157 N. W. 2d 517 (1968); State v. Burch, 284 Minn. 300, 170 N. W. 2d 543 (1969); State v. Bagley, 286 Minn. 180, 175 N. W. 2d 448 (1970); State v. Purdy, 278 Minn. 133, 153 N. W. 2d 254 (1967); State v. Emerson, 266 Minn. 217, 123 N. W. 2d 382 (1963); United States v. Skinner, 412 F. 2d 98 (8 Cir. 1969); Raniele v. United States, 34 F. 2d 877 (8 Cir. 1929); Nathanson v. United States, 290 U. S. 41, 54 S. Ct. 11, 78 L. ed. 159 (1933); Spinelli v. United States, 393 U. S. 410, 89 S. Ct. 584, 21 L. ed. 2d 637 (1969); United States v. Ventresca, 380 U. S. 102, 85 S. Ct. 741, 13 L. ed. 2d 684 (1965); Aguilar v. Texas, 378 U. S. 108, 84 S. Ct. 1509, 12 L. ed. 2d 723 (1964); Rugendorf v. United States, 376 U. S. 528, 84 S. Ct. 825, 11 L. ed. 2d 887 (1964); Jones v. United States, 362 U. S. 257, 80 S. Ct. 725, 4 L. ed. 2d 697, 78 A. L. R. 2d 233 (1960); Giordenello v. United States, 357 U. S. 480, 78 S. Ct. 1245, 2 L. ed. 2d 1503 (1958); McCray v. Illinois, 386 U. S. 300, 87 S. Ct. 1056, 18 L. ed. 2d 62 (1967); Draper v. United States, 358 U. S. 307, 79 S. Ct. 329, 3 L. ed. 2d 327 (1959).

From the foregoing authorities it may be said that an informant's information may provide a basis for probable cause where the informer is known and his information has proved reliable in the past. These authorities also express the view that the tip of an anonymous informer will not be found insufficient to constitute probable cause where the information is corroborated by subsequent police work or investigation. Gilbert v. United States, 366 F. 2d 923 (9 Cir. 1966); Aguilar v. Texas, *supra;* United States v. Drew, 436 F. 2d 529 (5 Cir. 1970), certiorari denied, 402 U. S. 977, 91 S. Ct. 1682, 29 L. ed. 2d 143 (1971).

We find no authority, however, which holds that "a bald and unilluminating assertion of suspicion"[1] by the police based on information from an informer, without more, will provide probable cause to justify search and seizure. Where police have no idea who their informant is or how he received his information or on what his information is based, they cannot know whether the informant is credible or his information reliable, and, therefore, they can have no probable cause. Aguilar v. Texas, *supra;* Spinelli v. United States, *supra;* United States v. Sullivan, 321 F. Supp. 597 (S. D. N. Y. 1971).

Probable cause is not supplied by knowledge acquired by an officer after a search. Seizure on mere suspicion is not justified by confirmation of the suspicion. State v. Fox, 283 Minn. 176, 168 N. W. 2d 260

---

[1] Spinelli v. United States, 393 U. S. 410, 89 S. Ct. 584, 21 L. ed. 2d 637 (1969).

(1969); Garske v. United States, 1 F. 2d 620 (8 Cir. 1924); United States v. Skinner, *supra;* Raniele v. United States, *supra.*

In the case before us, we have an informer without identity or a record of proven reliability whose information was uncorroborated by independent police work. To find probable cause, the court would be required to accept as true assertions of the police officer that there was in fact an informant and that all of the subsequent details did in fact happen in the sequence claimed by the police. To allow authorities to proceed to arrest and search and seize on the basis of a mere anonymous phone call would be to give them a blank check to engage in exploratory searches and create a new principle by which results of the search will support probable cause. It is so elementary that this proposition is repugnant to constitutional standards, as expressed by the Fourth Amendment and interpreted by innumerable decisions, that further discussion is unnecessary.

Affirmed.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.