## STATE v. GARY E. LINDQUIST.

205 N. W. 2d 333.

March 2, 1973—No. 43590.

*C. Paul Jones,* State Public Defender, and *Mark W. Peterson,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Curtis D. Forslund,* Solicitor General, and *Robert F. Carolan,* Special Assistant Attorney General, for respondent.

PER CURIAM.

Defendant, convicted of possession of marijuana in violation of Minn. St. 152.09, subd. 1, contends on this appeal from the judgment of conviction that police violated his Fourth Amendment rights when they arrested him because they did not have sufficient information to conclude that the informer, on whose tip they relied in making the arrest, was credible, a requirement established by the United States Supreme Court in Aguilar v. Texas, 378 U. S. 108, 84 S. Ct. 1509, 12 L. ed. 2d 723 (1964). We affirm.

On the morning of Saturday, August 7, 1971, a woman motorist stopped two St. Paul police officers and told them that that morning, while visiting a girl friend, she had met an unidentified man who showed her several bags, including a white Kentucky Fried Chicken bag, containing marijuana. The bags were in his car, which she described as a black and white Plymouth Satellite with license 7EF855. She stated that the man had told her he would be departing in a few minutes for the Fargo-Moor-

head area, where he resided. The woman, when asked, identified herself and gave her address and telephone number. She told the officers that her fear that someone might give drugs to her little daughter had prompted her to volunteer the information even though she did not want to involve herself.

Acting on the tip, the officers drove to the house which the woman had described but could not find the car, which a license check had revealed was registered to one W. K. Lindquist of Moorhead. They then gave the information which they had to Captain James S. Griffin of the St. Paul Police Department, who sent the following teletype message:

"Attention Chief of Police, Moorhead, and Minnesota Highway Patrol: We have info that a '68 Plymouth 2-door, black-white, License 7EF 855, listing to initials W. K. Lindquist, 1518-15th Street South, Moorhead, is en route to Moorhead with a large quantity of narcotics in a Kentucky Fried Chicken bag. Left St. Paul approximately 10:00 A.M. Narcotics may be in other parts of car. Per: Captain Griffin. C.N."

Officer Gary Landsem of the Moorhead Police Department, on being informed of this message, called Captain Griffin to ascertain whether the St. Paul officers felt the woman was credible, and then notified the Highway Patrol, asking them to locate the described vehicle and give periodic reports as to its location, while he attempted to obtain warrants. After receiving a location report about 1:55 p. m., which placed the car 8 miles south of Moorhead, Landsem and others, who had made numerous unsuccessful attempts to contact a judge for the purpose of receiving arrest and search warrants, decided to stop the car and make a warrantless arrest. In a search incident to this arrest, the officers seized almost 5 pounds of marijuana. One of the bags containing marijuana was a white Kentucky Fried Chicken bag.

Some commentators have interpreted the recent case of United States v. Harris, 403 U. S. 573, 91 S. Ct. 2075, 29 L. ed. 2d 723 (1971), as abandoning that part of Aguilar v. Texas, *supra,*

which requires that the police officer or magistrate making a probable cause assessment on the basis of an informer's tip have sufficient information from which to conclude that the informant is credible. See, Note, 85 Harv. L. Rev. 53. As in the recent case of State v. Daniels, 294 Minn. 323, 200 N. W. 2d 403 (1972), in which we discussed the United States Supreme Court cases in detail, we need not decide this point because we feel that numerous factors present in our case support the police officer's conclusion that the informer was credible.

First, the informer in this case did not hide behind the cloak of anonymity, as did the informer in State v. Cvar, 293 Minn. 439, 196 N. W. 2d 624 (1972), relied on by defendant, but voluntarily came forward and gave, in addition to the information, her name, address, and telephone number. One who voluntarily comes forward and identifies herself is more likely to be telling the truth because she presumably knows that the police could arrest her for making a false report. Minn. St. 609.505. Cf. Adams v. Williams, 407 U. S. 143, 92 S. Ct. 1921, 32 L. ed. 2d 612 (1972), noted in 86 Harv. L. Rev. 171.

Second, while it is true that the informer in our case had not previously given to the police information which had proved to be correct, the United States Supreme Court in United States v. Harris, *supra,* reiterated what it had said in earlier cases, that this was not a prerequisite to a finding of informant credibility. Indeed, in State v. Cox, 294 Minn. 252, 200 N. W. 2d 305 (1972), we suggested that a first-time private citizen informer not involved in the criminal event he reports should be presumed to be telling the truth.

Third, we feel that it is significant that the informer stated that she did not know the suspect, because prior relationship with a suspect might give an informer motive to lie or exaggerate. Here the informer's motive seemed to be a sincere desire to protect her daughter and other children from the evils of the narcotics traffic which affects so many children.

Fourth, we think it is significant that the report the informer

gave to the police was quite detailed. Even Mr. Justice Harlan, dissenting in United States v. Harris, 403 U. S. 573, 586, 91 S. Ct. 2075, 2083, 29 L. ed. 2d 723, 735 (1971), stated that the fact that the informant gave a "more than ordinarily detailed description of the suspect's criminal activities," although more probative of the reliability of the information, might lead one to reasonably credit the truthfulness of the informer. 403 U. S. 593, 91 S. Ct. 2087, 29 L. ed. 2d 739. The allegations which the woman in our case made are not, using Mr. Justice Harlan's phrase, the type that "would readily occur to a person prone to fabricate."

Beyond all this, we cannot overlook the fact that the police corroborated many of the details of the informer's story before they arrested defendant. The corroboration in this case was certainly as strong as that in Draper v. United States, 358 U. S. 307, 79 S. Ct. 329, 3 L. ed. 2d 327 (1959), referred to approvingly by the majority opinion in Spinelli v. United States, 393 U. S. 410, 89 S. Ct. 584, 21 L. ed. 2d 637 (1969). With respect to our case, Draper stands for the proposition that the police here could properly conclude after corroborating the major details of the informer's story that the informer was telling the truth about the key detail, namely, that the man she had talked with had marijuana in his automobile.

In conclusion, we hold that the police had more than substantial basis for believing that the informer on whose tip they relied was telling the truth.

Affirmed.