STATE of Iowa, Appellee,

v.

Zelpha Mae DRAKE, a/k/a Zelpha Montgomery, Zelpha Durham and Zelpha Zee, Appellant.

No. 56508.

Supreme Court of Iowa.

Dec. 18, 1974.

Raymond Rosenberg, Des Moines, for appellant.

Richard C. Turner, Atty. Gen., Thomas Mann, Jr., Asst. Atty. Gen., and Ray A. Fenton, Polk County Atty., for appellee.

Heard before MOORE, C. J., and Le-GRAND, REES, HARRIS and McCOR-MICK, JJ.

LeGRAND, Justice.

On this appeal, defendant says she was wrongfully convicted of receiving and concealing stolen property in violation of § 712.1, The Code, because the principal evidence against her was illegally seized under a search warrant issued without probable cause. She also insists her sentence was illegally imposed and should be set aside. We rule against defendant on the first issue and for her on the second. Accordingly, the case is reversed and remanded for resentencing.

I. Defendant was renting residential property which had been put up for sale. While a prospective purchaser was being shown the house, he observed racks of clothing in the basement, all bearing origi-

nal store labels and price tags. Later he advised the authorities of this unusual fact, and they obtained a search warrant on the basis of that information.

A search conducted pursuant to this warrant disclosed the presence of more than 100 items of merchandise from Younker's and Feldmann's, all of which were later identified as having been stolen from those establishments. It is this evidence defendant seeks to suppress.

The warrant was obtained upon a police officer's affidavit, which contained the following statements:

"Facts told to me by an informant: Informant was in this residence at 3626 Davidson Road and he observed racks of clothing with Feldmann's and Younker's labels and price tags on same.

"Informant was in this residence with an agent from Iowa Realty Company for the purpose of inspecting property with intentions to buy. This man is by profession a buyer and distributor for Carters Company, Neidam Heights, Massachusetts. Residence: 4309 Valdeze Drive, Des Moines, Iowa."

Six items of clothing were specifically described; the remainder were designated only as racks of clothing from the two stores already mentioned. There was an additional statement endorsed on the application by the magistrate as having been made by the officer when the warrant issued. However, we disregard this, as the State concedes it was merely the officer's conclusion and could contribute nothing to a finding of probable cause. The validity of the warrant must rest on the recitations in the affidavit heretofore set out.

■ We repeat once again the underlying principles by which a search warrant must be tested. It may be issued only on probable cause, which has been defined as such cause which would lead a reasonably prudent man to conclude a crime had been committed. The information must be under oath and only the facts presented to the magistrate when the warrant issued may be considered on review. In addition the magistrate must make his own independent determination of probable cause from this information. State v. Boer, 224 N.W.2d 217 (Iowa filed December 18, 1974); State v. Lynch, 197 N.W.2d 186, 191 (Iowa 1972); State v. Jensen, 189 N.W.2d 919, 925 (1971); State v. Salazar, 174 N.W.2d 453, 455 (Iowa 1970); State v. Spier, 173 N.W.2d 854, 858, 859 (Iowa 1970).

■ When considering the sufficiency of probable cause based on information supplied by an informant, it is important to distinguish the police tipster, who acts for money, leniency, or some other selfish purpose, from the citizen informer, whose only motive is to help law officers in the suppression of crime.

In the former the information furnished is less likely to be truthful, and it is therefore subjected to much closer scrutiny as to the surrounding circumstances reflecting on its credibility. As part of this scrutiny, the informant's prior reliability must ordinarily be demonstrated.

In the latter the rule of prior reliability is considerably relaxed for several reasons. In the first place the citizen informer has rarely had any earlier experience in reporting suspected criminal activity. Furthermore, unlike the professional informant, he is without motive to exaggerate, falsify or distort the facts to serve his own ends.

Reliability still must be shown, but it may appear by the very nature of the circumstances under which the incriminating information became known. Any other rule would lead to the totally unacceptable result that public-spirited citizens interested only in law enforcement could seldom furnish information sufficient to establish probable cause.

Among the cases which hold this view are State v. Perry (Mo.1973), 499 S.W.2d 473, 475 (citizen-informant may reasonably be deemed to be reliable); State v. Lindquist (1973), 295 Minn. 398, 205 N.W.2d 333, 335 (first-time private citizen informer not in-

volved in criminal event he reports should be presumed to be telling the truth); State v. Paszek, 50 Wis.2d 619, 184 N.W.2d 836, 843 (1971) (element of prior reliability should not be adhered to in case of private citizen informant); People v. Zimnicki, 29 Cal.App.3d 577, 105 Cal.Rptr. 614, 615–617 (1972) (citizen-informer rule requires some measure of either credibility or corroboration but not to same extent as in case of other informant); cf. State v. Lynch, supra, 197 N.W.2d at 192 (statements made to airline stewardess).

Although not directly in point, the discussion in United States v. Unger (7th Cir. 1972), 469 F.2d 1283, 1286, 1287 and McCreary v. Sigler (8th Cir. 1969), 406 F.2d 1264, 1268, 1269 further supports such a conclusion.

■ Applying the reasoning of the foregoing cases to the facts now before us, we believe the search warrant was properly issued. The informant related what he himself had seen, not rumor, hearsay, or surmise. While his name was not disclosed to the magistrate, there was considerable information given concerning his employment, his place of residence and the plausible reasons for his presence in the house. All of this lent credibility to him and the facts he related. See State v. Perry, supra, 499 S.W.2d at 476.

Defendant also argues that, conceding the reliability of the informant, the facts and circumstances related are insufficient to constitute probable cause. He says, quite correctly, that the information acted upon by the magistrate must in and of itself justify a man of reasonable caution in believing that an offense has been or is being committed. State v. Boer, supra. He argues further the information available to the magistrate here did not meet this criterion.

We disagree. Reliable information that there are racks of new clothing, all still bearing identification and price tags from local stores, together with a specific description of a number of the garments rais-

es more than a mere suspicion, as defendant wants us to say. The presence of such property in a private residence in that quantity and in that condition is so unusual and so incriminating that it not only justifies "the belief of a man of reasonable caution that an offense has been or is being committed" but makes it difficult to see how such a person could reach any other conclusion.

We hold the search warrant was properly issued, and we find no error in the trial court's refusal to suppress the evidence seized as a result of the search.

II. Defendant's remaining complaint relates to her sentence, which she says was based upon improper considerations. We believe there is merit in her argument, and we accordingly set the sentence aside and remand the case for resentencing only.

■ We have said a sentence which is within the statutory discretion of the trial court (as this one was) will not be disturbed on appeal except upon a showing of abuse of discretion. State v. Stakenburg, 215 N.W.2d 265, 266, 267 (Iowa 1974). However, we cannot permit a sentence to stand when the record shows it was imposed for reasons which violate defendant's right to assert her constitutional defenses to the charges against her.

In the matter before us, the trial court denied defendant's request for probation with this statement:

"I am inclined to agree with you, Mr. Rosenberg, that this is a case where this lady would probably have been given probation had she entered a plea of guilty, but due to the large number of items that were involved and separate charges that were involved, my feeling is that the first step in rehabilitation is a willingness to admit you're wrong and to come in and offer to straighten the matter out entirely. She chose not to do that, and I can understand why. It's not the usual case because, as you say, there is every possibility of a legal defense, but I think that

was a choice that she had to make and I know that you discussed that matter with her, and even during the trial I think there was one recess while the matter was discussed and Mrs. Drake, at that point, made her choice, I believe, and the court, after considering all of the evidence, and really, I'm sympathetic to you and I wish I could but I have to maintain some consistency with all the other people that appear in this court  *   *   * "

We are not unmindful of the trial court's right to consider many factors in fixing punishment. See State v. Stakenburg, supra. Nor do we question the trial court's conscientious effort here to do what appeared best for the defendant. We are disposed to agree with his analysis, but unfortunately a defendant may sometimes insist on considerations which in the long run work to his own disadvantage. This appears to be one of those instances.

■ It cannot be gainsaid that the sentence in the present case was imposed *only* because defendant refused to plead guilty. The trial court frankly said as much in pronouncing sentence. Defendant had a right to her trial. The fact that the trial court felt it would have been a giant step toward eventual rehabilitation if she had admitted guilt does not override this constitutional right without penalty for exercising it. Thomas v. United States (5th Cir. 1966), 368 F.2d 941, 945, 946; Scott v. United States (1969), 136 U.S.App.D.C. 377, 419 F.2d 264, 267, 268. If it did nothing else, this procedure certainly violated defendant's Fifth Amendment protection against self-incrimination, for at that time she could still appeal from a conviction she claimed was unfairly reached. We find it was error to deny her the probation to which she was otherwise entitled simply because she refused to forego her constitutional rights.

III. We hold defendant's conviction was without reversible error and her demand for a new trial is denied. However, for the reasons stated in Division II, we remand the case for the sole purpose of having sentence reimposed. State v. Jackson, 204 N.W.2d 915, 917 (Iowa 1973).

Reversed and remanded for resentencing.