STATE OF NEBRASKA, APPELLEE, V.
JAMES L. BUTLER, APPELLANT.

301 N.W.2d 332

Filed January 23, 1981.   No. 43308.

Thomas M. Kenney, Douglas County Public Defender, and Stanley A. Krieger for appellant.

Paul L. Douglas, Attorney General, Mel Kammerlohr, and Brian Bennett for appellee.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

KRIVOSHA, C.J.

Appellant, James L. Butler, was convicted of violating Neb. Rev. Stat. § 28-202(1) (Reissue 1979) which provides that a person shall be guilty of a criminal conspiracy if, with intent to promote or facilitate the commission of a felony, he agrees with one or more persons that they or one or more of them shall engage in or solicit the conduct or shall cause or solicit the result specified by the definition of the offense, and he or another person with whom he conspired commits an overt act in pursuance of the conspiracy. Specifically, the conspiracy involved herein was to rob the Bank of Valley, Nebraska.

Butler confessed to the crime and, after being found guilty, was sentenced to imprisonment in the Nebraska Penal and Correctional Complex for an indeterminate period of not less than 8 years nor more than 10 years. Butler concedes that his confession was voluntarily given. The basis of his appeal in this case, however, is that the trial court erred in finding that probable cause existed to justify his arrest in the first instance and that, therefore, any evidence obtained as a result of the unlawful arrest, including the confession, must be suppressed as "fruit of the poisonous tree." See, *State v. Tipton*, 206 Neb. 731, 294 N.W.2d 869 (1980); *Wong Sun v. United States*, 371 U.S. 471, 83 S. Ct. 407, 9 L. Ed. 2d 441 (1962). In addition, Butler maintains that the trial court erred in not requiring that the identity of two informants be disclosed so that they could be summoned and examined. We believe that both assignments of error must be rejected and, therefore, we affirm the judgment and sentence of the trial court.

The evidence in this case was received virtually without dispute. On August 23, 1979, Omaha Police Lt. Robert K. Olson received a call from Douglas

County Deputy County Attorney Samuel W. Cooper, advising Olson that Cooper had received a phone call from a person (informant No. 1) who advised Cooper that there were four parties that were planning a bank robbery somewhere in the Omaha area. On the same day, Olson received a further call from Omaha Police Sgt. Bob Thorson, advising him that a second informant (informant No. 2) had advised Thorson about a bank robbery that was going to happen in the Omaha area.

Olson thereafter met with both informant No. 1 and informant No. 2 and received information from both of them concerning the fact that four individuals, including Butler, were planning to rob the Bank of Valley on Tuesday, August 28, 1979, at 2 p.m. The evidence indicates that both informants were citizen informants and received no compensation or other consideration from the police department for providing the information.

The police further pursued the information given them by the informants and established the identity of the four coconspirators, including Butler. They then obtained photographs of the coconspirators and displayed them to informant No. 2 who identified the four photographs as the persons he had overheard conspiring to rob the Bank of Valley. Informant No. 2 further identified the Buick automobile which Butler was to drive in the bank robbery and advised the police where the vehicle was located and where the parties were located.

On the afternoon of August 28, law enforcement officers located themselves in the area of the Bank of Valley, and at approximately 2 p.m. the previously identified Buick automobile, then being driven by Butler, appeared in the vicinity of the Valley bank. The vehicle displayed two different license plates, one on the front and another on the rear of the vehicle.

After waiting a few minutes to observe what more, if anything, the parties intended to do, the law en-

forcement officers became concerned that innocent bystanders in the area might be injured if Butler and his coconspirator were permitted to complete the robbery and, therefore, approached the vehicle and placed the appellant and his coconspirator under arrest. Although the temperature at the time of the arrest was in the mid-80's, the appellant and his coconspirator had on two pairs of clothing. There was likewise found in the automobile a roll of tape and a sack with two guns in it. Somewhat later, after having been fully advised of all of his *Miranda* rights, Butler confessed to the crime.

Butler's first assignment of error, to the effect that the arrest was unlawful because of an absence of probable cause, is premised principally upon a claim that the police did not have sufficient proof that the information given by the informants was reliable. Therefore, he argues, they could not make the arrest prior to the commission of the robbery. We believe, however, that there are several facts involved herein that compel us to reject that argument. In the first instance, it must be kept in mind that, at least with regard to informant No. 2, the record is clear that the informant actually overheard the parties conspiring to rob the bank. As we noted in *State v. Payne*, 201 Neb. 665, 670, 271 N.W.2d 350, 352 (1978), "An informant's detailed eyewitness report of a crime may be self-corroborating; it supplies its own indicia of reliability; and an untested citizen informant who has personally observed the commission of a crime is presumptively reliable." Likewise, see, *United States v. Simmons*, 444 F. Supp. 500 (E.D. Pa. 1978); *People v. Schulle*, 51 Cal. App. 3d 809, 124 Cal. Rptr. 585 (1975); *State v. Drake*, 224 N.W.2d 476 (Iowa 1974).

Likewise, in *United States v. Sellaro*, 514 F.2d 114, 124 (8th Cir. 1973), *cert. denied*, 421 U.S. 1013, 95 S. Ct. 2419, 44 L. Ed. 2d 681 (1975), the U.S. Court of Appeals for the Eighth Circuit said: "This Court

has held that the statement of an eyewitness to a crime supplies its own indicia of reliability as a statement of facts rather than conclusions which must be tested to determine their factual basis." There are a number of other cases supporting that view. See *State v. King, ante* p. 270, 298 N.W.2d 168 (1980).

In *State v. Drake, supra,* the Iowa court noted: "When considering the sufficiency of probable cause based on information supplied by an informant, it is important to distinguish the police tipster, who acts for money, leniency, or some other selfish purpose, from the citizen informer, whose only motive is to help law officers in the suppression of crime.

. . . .

"In the latter the rule of prior reliability is considerably relaxed for several reasons. In the first place the citizen informer has rarely had any earlier experience in reporting suspected criminal activity. Furthermore, unlike the professional informant, he is without motive to exaggerate, falsify or distort the facts to serve his own ends.

"Reliability still must be shown, but it may appear by the very nature of the circumstances under which the incriminating information became known. Any other rule would lead to the totally unacceptable result that public-spirited citizens interested only in law enforcement could seldom furnish information sufficient to establish probable cause." *Id.* at 478. We believe the reasoning of the Iowa court to be valid and we would adopt such a rule for our own jurisdiction.

In the instant case, not only do we have information provided by citizen informants who are presumed to be reliable but we have the fact that certain of the information given to the police was corroborated by events prior to the arrest, including the appearance of the appellant in the previously identified automobile in front of the previously identified bank. We

concur with the State's position that the inquiry which should be made is "whether the information furnished by the informant, taken as a whole in light of the underlying circumstances, can be said to be reliable." See *United States v. Smith*, 462 F.2d 456, 460 (8th Cir. 1972). We believe that in the instant case the information furnished by the informants, when taken as a whole in light of the underlying circumstances, must be said to have been reliable so as to create sufficient probable cause and justify the arrests made by the officers. Butler was arrested for conspiring to rob a bank. The underlying evidence was, in our opinion, sufficient to constitute probable cause.

With regard to appellant's second contention that the names of the informants should have been disclosed, we can, likewise, easily dispose of that matter. In view of the fact that the trial court correctly found that the arrest was valid and the confession given was proper, it was apparent that the identity of the informants was of no material significance. In the case of *McCray v. Illinois*, 386 U.S. 300, 305, 87 S. Ct. 1056, 18 L. Ed. 2d 62 (1967), the U.S. Supreme Court said: "When the issue is not guilt or innocence, but, as here, the question of probable cause for arrest or search . . . police officers need not invariably be required to disclose an informant's identity if the trial judge is convinced, by evidence submitted in open court and subject to cross-examination, that the officers did rely in good faith upon credible information supplied by a reliable informant." In light of what we have found herein we can perceive of no way in which identifying the informants would have aided Butler in proving that the arrest was without probable cause. We, therefore, believe that the trial court did not err in refusing to require the identity of the informants to be made.

Having so concluded that the trial court did not commit error with regard to the matters assigned

by appellant, we accordingly affirm both the judgment and the sentence.

AFFIRMED.