PEARSON, Judge.
The appellants, Edsel and Clara Heinlein, filed a complaint against the appellee, Metropolitan Dade County, seeking a declaratory judgment holding Dade County’s Minimum Housing Standards Ordinance unconstitutional. The County filed a motion to dismiss but did not file an answer. Subsequently it filed a motion for summary judgment which the court granted. In effect this was a declaratory judgment against the appellants upon some of their contentions. In addition the judgment contained a finding that other attacks on the ordinance presented no justi-ciable controversy. The court thereupon dismissed the appellants’ cause. This appeal is from the summary judgment. We hold that the trial court erred in finding that there was no genuine issue of material fact and therefore erred in entering the summary judgment.
Among other things, the complaint alleges that the County has under color of the authority of the ordinance repeatedly trespassed on the plaintiffs’ property against their consent and will continue to so tres *474 pass without according the plaintiffs due process of law. The complaint is subject to the criticism of sometimes alleging legal conclusions rather than ultimate facts. Nevertheless it is sufficient to call for a declaration upon the controversy which exists between the parties. It is clear from the complaint and the summary judgment that the court found there was a controversy between the parties. The trial judge found it in accord with constitutional requirements of due process for inspectors of Metropolitan Dade County to repeatedly enter rental premises before they have reason to believe that the premises are below prescribed minimum standards. It appears that during the pendency of this cause the County amended the ordinance which authorizes such inspections and that there is a question as to the legality of the methods prescribed in the amendment. The trial judge considered the amendment in entering a summary judgment for the County. We hold that the trial court erred in entering the summary judgment upon the present state of the record. See Pancoast v. Pancoast, Fla.App.1957, 97 So.2d 875, 876. Cf. R-C-B-S Corporation v. City of Atlantic Beach, Fla.App.1965, 178 So.2d 906.
The trial court based its decision that the remainder of the complaint does not state a cause of action upon a finding that “the complaint is void of any factual allegation concerning any specific application of particular provisions of the Code to the plaintiffs.” The appellants urge that in entering summary judgment for the County the trial court deprived them of an opportunity to amend their complaint if it was defective. Without passing upon the validity of the foregoing conclusion of the trial court, we agree with the appellants that the entry of summary judgment for the County deprived them of an opportunity to amend the complaint so that it might state a cause''of action.
In Banyan Cafeterias, Inc., No. 3 v. Faith Lutheran Church, Fla.App.1962, 141 So.2d 5, we held that “Any person whose rights and status are affected by a municipal ordinance or who is in doubt as to his rights and status thereunder may obtain a declaration of his rights and status” pursuant to the declaratory judgment practice in this State.
We therefore reverse the summary judgment and remand the cause with directions that the trial court (1) afford the appellants an opportunity to amend their complaint, (2) rule on the County’s motion to dismiss, and (3) proceed thereafter in accordance with the rules.
Reversed and remanded with directions.