PER CURIAM.
The plaintiffs, Edsel and Clara Heinlein, his wife, appeal from a final declaratory judgment rendered for the defendant, Metropolitan Dade County, Florida.
The plaintiffs filed an amended complaint against the defendant which challenged Chapter 17, Code of Metropolitan Dade County, a/k/a Minimum Housing Standards Ordinance. See Heinlein v. Metropolitan Dade County, Fla.App.1968, *636 216 So.2d 473. The county answered; final hearing was held and final judgment rendered for Metropolitan Dade County.
On appeal appellants argue three points for reversal. Their first argument is that:
“The provision of Chapter 17 of the Code of Metropolitan Dade County permitting the issuance of a search warrant by a Metropolitan Court Judge is illegal and unconstitutional.”
Article VIII, § 11(1) (f) of the Florida Constitution of 1885, F.S.A., as amended, provided that the Dade County Home Rule Charter:
“ * * * may create new courts and judges and clerks thereof with jurisdiction to try all offenses against ordinances passed by the Board of County Commissioners of Dade County * *
The Home Rule Charter as adopted by the electors of Dade County provides in Section 6.15(G) :
“The judges of the Metropolitan Court are hereby empowered to adopt rules of Procedure governing the Court, to punish for contempt of court including imprisonment not in excess of 48 hours, to issue search warrants, and to fix the amount of bail and appeal bonds * * (Emphasis supplied)
The pertinent part of Section 17-10, Metropolitan Code provides:
“ * * * In the event that said person or persons refuse to consent to the inspection, the minimum housing enforcement officer or assistants may apply for the issuance of a search ■warrant by any court authorized to issue search warrants by Section 933.01, Florida Statutes, or by any other enactments or applicable provisions of law, said search warrant to be served by an officer duly authorized by law to serve search warrants and make arrests for violations of this Code.” (Emphasis supplied)
We are admonished to liberally construe the Home Rule Amendment by its terms. See Article VIII, § 11(9), Fla.Const.1885; and State ex rel. Dade County v. Brautigam, Fla.1969, 224 So.2d 688.
We hold that a Judge of the Metropolitan Court of Dade County, Florida has the power and authority to issue a search warrant under the provisions of Section 17-10 of the Code of Metropolitan Dade County, Florida. Cf. Joyner v. City of Lakeland, Fla.1956, 90 So.2d 118; and State v. Williams, Fla.App.1969, 227 So.2d 331.
The Heinleins next contend that Section 17-10 of the Code is invalid and defective because it excuses or waives the constitutional requirements of “probable cause” as a prerequisite to the issuance of a search warrant.
The portion of Section 17-10 which is appropriate to this argument provides:
“ * * * The search warrant shall issue in accordance with the requirements of the United States Supreme Court case of Camara v. Municipal Court of the City and County of San Francisco [387 U.S. 523], 18 L.Ed.2d 930, 87 S.Ct. 1727 (1967) and shall authorize entry into and inspection of the premises described therein.”
The Camara case, supra, requires a certain type of “probable cause” to be demonstrated before the issuance of the search warrant in these type of cases. We hold, therefore, that Section 17-10 of the Code does require “probable cause” in accordance with the provisions of the Camara decision before a search warrant may issue under this provision of the Code.
The trial judge in the final judgment held:
“The provisions of Chapter 17 do not impair the obligation of contracts between plaintiffs and their tenants, in vio *637 lation of plaintiffs’ constitutional rights. In the exercise of its police power the county may place the primary burden of compliance upon the owner; and tenancies and leaseholds which attempt to shift the burden contrary to the code are void, as to Dade County, though they continue enforceable between the parties to the rental agreement.” (Emphasis supplied)
Under this ruling appellants contend that Sections 17-23 through 17-27 of the Code unconstitutionally impair contractual obligations between these landlords and their tenants by placing the duty to make certain repairs on the landlord. It is argued that the oral lease between the parties contains no covenant of the appellants, as landlords, to make repairs, and in the absence of such covenant, the common law rule places the burden of repair on the tenant. A similar argument was raised and rejected in Lester v. City of St. Petersburg, Fla.App.1966, 183 So.2d 589, with which we concur.
Finally it is contended that the provisions of Sections 17-23 through 17-27 of the Code are so vague and uncertain that they are void.
The final judgment recited:
“No facts have been alleged nor any testimony adduced tending to show Section 17-23, 17-24, 17-25, 17-26 and 17-27 as applied to the plaintiffs are so unreasonably vague and indefinite as to be in violation of plaintiffs’ constitutional rights.” (Emphasis supplied)
We concur.
We have before us on this appeal only the validity of those portions of Chapter 17 of the Code specifically referred to herein and do not mean to rule on any matters not presented by this appeal. There was no evidence presented by the appellants to disprove the findings of fact by the Board of County Commissioners of Dade County, Florida that the Minimum Housing Standards Code was necessary for the “public health, safety, morals and welfare.” We, therefore, do not reach this issue or question. Cf. Safer v. City of Jacksonville, Fla.App.1970, 237 So.2d 8.
Those portions of the final declaratory judgment challenged on this appeal are
Affirmed.