586 P.2d 648

**The STATE of Arizona, Appellee,**

**v.**

**Dennis E. BAILEY, Steven M. Polly, Appellants.**

**Nos. 2 CA-CR 1311, 2 CA-CR 1327.**

Court of Appeals of Arizona, Division 2.

July 13, 1978.

Rehearing Denied Sept. 11, 1978.

Review Denied Oct. 11, 1978.

2. *See Riley v. County of Cochise,* 10 Ariz.App. 55, 455 P.2d 1005 (1969).

John A. LaSota, Jr., Atty. Gen. by William J. Schafer, III, and Georgia B. Ellexson, Asst. Attys. Gen., Phoenix, for appellee.

Bertram Polis, Tucson, for appellants.

## OPINION

RICHMOND, Chief Judge.

Appellants were charged by indictment with possession of marijuana, possession of marijuana for sale, and transportation of marijuana. After denial of their motion to suppress, they submitted the charge of possession to the court on the record created thus far, in return for the state's motion to dismiss the other two counts charging possession for sale and transportation. The court found them both guilty of possession of marijuana. Appellant Bailey was sentenced to not less than two nor more than three years imprisonment and fined $1,500 to be deducted from his cash appearance bond. Appellant Polly was sentenced to not less than four nor more than six years imprisonment and fined $5,000 to be deducted from his cash appearance bond.

On appeal they challenge the agricultural inspection that led to discovery of 270 bricks and 10 one-pound bags of marijuana in the trunk of their vehicle, deduction of their fines from their cash appearance bonds, and Polly attacks his sentencing for untimely disclosure of presentence information.

The pertinent facts are not in dispute. On the morning of December 6, 1976, appellants arrived from the east in a car with Kansas license plates at the Arizona agricultural inspection station in San Simon. They had passed a sign announcing this permanent checkpoint about one and one-half miles before reaching it. A uniformed plant quarantine inspector explained that she was conducting an agricultural inspection for California and Arizona, and asked them to open the trunk of their car. Polly testified that he complied because he thought he had no alternative. The inspec-

tor observed blockshaped packages concealed under a blanket that she suspected contained marijuana. She told appellants they were free to go, and then reported her suspicions and a description of the vehicle to the state motor vehicle division, which in turn notified the Department of Public Safety. As a result, appellants were arrested a short time later.[1]

The warrantless search of the trunk of appellants' car at the agricultural inspection station was expressly authorized by a regulation of the state Commission of Agriculture and Horticulture directed at vehicles from states east of the Rocky Mountains, which had been designated a "high pest-risk area." The commission is empowered to make and enforce such regulations as are necessary "to prevent introduction of a crop pest or disease into the state." A.R.S. § 3–103.

Search provisions under similar statutes and regulations were held not to run afoul of the Fourth Amendment in *United States v. Schafer*, 461 F.2d 856 (9th Cir. 1972). Distinguishing the circumstances of that case from those in *Camara v. Municipal Court*, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967), the court said:

" * * * Here, however, the time element is a major consideration. The objects of the search (quarantined fruits, vegetables, and plants) can easily be transported out of Hawaii to the continental United States by departing tourists. The effect of such movement on agricultural crops in the mainland states could be serious, as each of the quarantined items may carry some form of plant disease or insect which could destroy crops in the other areas. The purpose of the quarantine is to avoid these effects by preventing the movement of the potentially dangerous plant substances. We think a search warrant requirement would 'frustrate' the purpose of these inspections, because of the time delays inherent in the search warrant mechanism. * * * Whereas, in *Camara*

there was no suggestion that 'fire, health, and housing code inspection code programs could not achieve their goals within the confines of a reasonable search warrant requirement,' [387 U.S. at 533, 87 S.Ct. at 1733] we are persuaded that requiring warrants for agricultural inspections of this type would effectively cripple any meaningful quarantine. [Citation omitted]." 461 F.2d at 858.

We adopt the reasoning of the court in *Schafer* as to the search in question. The motion to suppress the marijuana was properly denied.

Appellants' contention that the trial court committed constitutional error in deducting their fines from their cash appearance bonds likewise is without merit. The cases they cite under the Federal Bail Reform Act, 18 U.S.C. § 3146, which contains language identical to that found in A.R.S. § 13–1577(E)(3), are inapplicable on the facts. Both *United States v. Bursey*, 515 F.2d 1228 (5th Cir. 1975), and *Neely v. United States*, 357 F.Supp. 713 (S.D.Fla.1973), involved claims by third parties who intended neither to loan nor to give to the defendant the funds they deposited as security as a condition of release. No such claim is made here. To the contrary, Polly's attorney argued at sentencing, "That money is about all he (Polly) has left in the world." At most on appeal they suggest the money for their appearance bonds may have been borrowed, making it none the less appellants' property when deposited on their behalf with the clerk of the court.

Finally, we reject Polly's contention that his sentence was improper and should be vacated because supplemental presentence information was not disclosed to his counsel two days prior to sentencing as required by 17 A.R.S. Rules of Criminal Procedure, rule 26.6(b). During June 1977, both appellants had entered into a plea agreement, which was later set aside after the court determined not to accept the sentencing recommendations it contained. At

---

1. Appellants do not dispute the legality of the police search at the time of their arrest, except

insofar as it stems from the agricultural inspection.

the time of the plea agreement an initial presentence report was completed, and the probation officer recommended a prison term of not less than three nor more than four years for Polly. On September 7, the date set for trial, Polly did not appear. The following day his counsel informed the court that Polly was in jail in Kansas on charges involving drunk driving, assaulting a police officer, and possession of marijuana. Details of the Kansas charges, as well as more details of other offenses already known, were made part of an addendum to the presentence report. The probation officer made no further recommendation in the addendum as to length of prison sentence.

At the subsequent sentencing, Polly's counsel for the first time learned about the addendum from the court. Although he argued that the court should limit its consideration to the information contained in the original report, Polly's counsel did not object to going forward and made no request to examine the additional material. He cannot now be heard to complain. *Cf. State v. Pakula*, 113 Ariz. 122, 547 P.2d 476 (1976).

The judgments and sentences are affirmed.

HOWARD and HATHAWAY, JJ., concur.