368 So.2d 943 (1979)
Terry MILLER, a/K/a Terry Dale Miers, Appellant,
v.
STATE of Florida, Appellee.
No. II-288.
District Court of Appeal of Florida, First District.
March 20, 1979.
Rehearing Denied April 18, 1979.
Joseph T. Garlovsky, Daytona Beach, for appellant.
Robert L. Shevin, Atty. Gen. and Charles A. Stampelos, Asst. Atty. Gen., for appellee.
MELVIN, Judge.
The parties will be referred to as they were positioned in the court below. Defendant has perfected his appeal from the final judgment and sentence imposed upon him based upon a jury verdict finding him to be guilty of possession of more than 100 pounds of cannabis as charged in the information. Prior to trial, the defendant timely filed his motion to suppress any evidence as to any contraband found in the vehicle being driven by him and to which was attached *944 an RV license tag. Following a warrantless search of such vehicle, a quantity of marijuana was found which was the subject matter of the prosecution.
The defendant drove the motor vehicle in question past an agricultural inspection station in Suwannee County, Florida, was chased and apprehended by a road guard inspection officer, who demanded the privilege of looking and inspecting the inside of such camper vehicle. This request was denied. Other officers were called to the station; one or more of the officers smelled outside the areas of the camper and perceived that they detected the odor of marijuana. Permission to search having been again refused, the back door of said camper was broken open and was searched. The contraband referred to was found.
At the time of the occurrences referred to, the applicable law of Florida with reference to the right of inspection officers to have access to motor vehicles was stated in Section 570.15(1)(a), Florida Statutes (1977), wherein it is provided that the Commissioner and his various designated officers and agents:
"... shall have full access at all reasonable hours to all:
* * * * * *
7. Motor vehicles, other than private passenger automobiles with no trailer in tow or any vehicle bearing an RV license tag;" (emphasis supplied)
Section 570.15(1)(b) provides, in substance, if the owner or person in charge of a vehicle subject to such inspection shall refuse the officer the right to inspect, then the officer may apply for a search warrant as is provided by law relating to the obtaining of search warrants in other cases or that he may conduct a search of such vehicle without a warrant pursuant to Section 933.19, Florida Statutes. The provisions of Section 933.19 are not applicable as there was a complete absence of any probable cause to suspect that the motor vehicle apprehended was carrying any contraband. We note that the RV license tag vehicle referred to in subsection (7) was wisely eliminated from the provisions of Section 570.15 by Florida Statutes (1978). This case, however, must be decided by the law in effect at the time of the alleged assertion of right on the part of the agricultural inspection agent to stop and ultimately bring about the warrantless search of the exempt vehicle.
If through some process it may be concluded that the agricultural inspection agent had the right to stop the defendant and require him to return to the inspection station, there is a complete absence of exigent circumstances that would relieve the officers of their duty to obtain the search warrant that the inspection statute contemplates. They did not even attempt to obtain one. In such situation, a warrantless search is presumed to be illegal. Approximately two hours intervened between the time of defendant's apprehension and the warrantless search of his RV tagged vehicle. See Hornblower v. State, 351 So.2d 716 (Fla. 1977). At all times pertinent, this vehicle was detained at an inspection station which, the court was advised at oral argument, is less than ten miles from Live Oak, the county seat of Suwannee County.
We emphasize here that we do not have for consideration a statute in which the State of Florida has asserted its police power to conduct agricultural inspections of all vehicles capable of transporting any agricultural product and through such type agricultural inspection preserve the State's interest in maintaining a high quality agricultural product offered to the general public. Such subject is one that is ripe for legislative consideration. It is, however, not a matter proper for judicial creation.
The order of the trial court denying the defendant's motion to suppress the evidence relating to contraband found and removed from his vehicle is reversed, and the judgment and sentence here reviewed are reversed with directions that the defendant be discharged.
McCORD, C.J., and ERVIN, J., concur.