373 So.2d 367 (1979)
Marvin J. PEDERSON, Appellant,
v.
STATE of Florida, Appellee.
No. KK-396.
District Court of Appeal of Florida, First District.
June 29, 1979.
Rehearing Denied August 21, 1979.
*368 James W. Reilley, Chicago, Ill., and Marlin M. Feagle, Lake City, for appellant.
Robert L. Shevin, Atty. Gen., Charles A. Stampelos, Asst. Atty. Gen., for appellee.
MELVIN, Judge.
Pederson pleaded nolo contendere to possession of marijuana, and reserved the right to appeal the trial court's denial of his motion to suppress. Pederson alleges that the search warrant which was issued violated constitutional and statutory prerequisites because the warrant was not based upon probable cause. U.S.Const. Amend. IV; § 570.15(1)(b), Fla. Stat. (1977). We agree and reverse.
At 10:40 p.m. on December 17, 1977, Pederson passed an agricultural inspection station at a normal rate of speed without stopping at the station. Inspector Pease stopped Pederson and requested permission to inspect the cargo in the truck. Pederson refused and both men returned to the inspection station where the defendant was formally arrested for violating Section 570.15(2). Pederson refused to permit inspection and Pease obtained an agricultural search warrant two or three hours later. The affidavit supporting the search warrant particularly described Pederson's truck and alleged that agricultural products were being kept in the truck in violation of Chapter 570 and the agricultural laws pertaining to the transportation of agricultural products. The following supporting facts were contained in his affidavit:
At approximately 10:40 p.m. on Saturday, Dec. 17, 1977, while on duty at the agricultural inspection station on I-75 North, I personally observed one grey pickup with a topper on the back go by the inspection station without stopping for inspection. I pursued the vehicle, never losing sight of the vehicle until I stopped the vehicle approximately 2 1/4 miles north of the station. The driver, identified as M.J. Pederson of 7719 Sawyer Brown, Nashville, Tenn, was advised that he had run the inspection station and that I would need to look into the vehicle for agricultural products. The driver first tried to open the back of the vehicle, and their [sic] advised me that the truck was not his and he did not have a key to the back. Being advised that he would have to return to the station and while following me to the station, Mr. Pederson stopped me and asked if this could be worked out. Mr. Pederson was advised no and then returned without incident to the inspection station. While at the inspection station I smelled what, from my training and experience, including being worked [sic] for DOR, I think is the smell of cannabis.
I have been employed by the Dept. of Agriculture and Consumer Services for 4 months and has [sic] observed agriculture products on various occasions in vehicles of the general description of the vehicle described herein, and is [sic] personally aware that the vehicle described herein is the type of vehicle used in the transportation of agricultural or horticultural products within the State of Florida. I have within the last six weeks, found citrus and tomatoes in a quantity of such so as to make an inspection violation in trucks of this type.[1]
*369 The search warrant authorized the Florida Department of Agriculture or any of its duly constituted agents to search Pederson's vehicle for agricultural products kept in violation of Chapter 570 and the laws pertaining to the transportation of agricultural products.
Appellant argues that Section 570.15(1)(b), referring to Section 933.19, incorporates the criminal probable cause test as stated in Carroll v. United States, 267 U.S. 132, 45 S.Ct. 280, 69 L.Ed. 543 (1925), for the issuance of any search warrant under the statute. Section 570.15(1)(b) states:
If such access be refused by the owner, agent, or manager of such premises or by the driver of such aforesaid vehicle, the inspector or road-guard inspection special officer may apply for a search warrant which shall be obtained as provided by law for the obtaining of search warrants in other cases, or may conduct a search of any of aforesaid vehicles without a warrant pursuant to s. 933.19.
Section 933.19, Florida Statutes (1977), states that the provisions of Carroll are adopted as the statute law of the state and are applicable to searches and seizures under Section 12, Article I of the State Constitution, when searches and seizures are made by the proper officers exercising police authority in the enforcement of any law of the state relative to the unlawful transportation of liquors, illegal drugs, or other contraband. Carroll stated that warrantless searches of vehicles could be justified only where there was probable cause for believing that the vehicle was carrying contraband or illegal merchandise. 267 U.S. at 154, 45 S.Ct. 280. Carroll found that the facts and circumstances within the officers' knowledge, and of which they had reasonably trustworthy information, were sufficient in themselves to warrant a man of reasonable caution in the belief that intoxicating liquor was being transported in the automobile which they stopped and searched. 267 U.S. at 162, 45 S.Ct. 280. We think it obvious here that the inspector had no probable cause to believe that Pederson's particular vehicle was carrying contraband or agricultural products. However, the state argues that only administrative probable cause need be established for the type of search warrant involved here. Camara v. Municipal Court, 387 U.S. 523, 87 S.Ct. 1727, 18 L.Ed.2d 930 (1967). We disagree.
Section 570.15(1)(b) refers not only to the criminal probable cause standard in warrantless cases, but provides that a search warrant shall be obtained as provided by law for the obtaining of search warrants in other cases. Nowhere does Chapter 570, 933, or any other statutory provision require that the administrative probable cause standard in Camara apply to agricultural inspections. Contrast Heinlein v. Metropolitan Dade County, 239 So.2d 635 (Fla.3d DCA 1970). In the past, this court has impliedly recognized that the probable cause standard intended by Section 570.15(1)(b) is one of traditional probable cause. Seuss v. State, 370 So.2d 1203 (Fla.1st DCA 1979); Miller v. State, 368 So.2d 943 (Fla.1st DCA 1979); Powell v. State, 332 So.2d 105 (Fla.1st DCA 1976).
Accordingly, we are bound to interpret the warrant requirement contained in Section 570.15 in accordance with the statute's clear meaning. Although it may be constitutionally permissible for the Legislature to impose an administrative probable cause standard for a warrant, or to require no warrant at all,[2] we may not judicially create such standards.[3] Reversed.
*370 McCORD, C.J., concurs.
BOOTH, J., dissents.
NOTES
[1] It should be noted that when Pease was deposed he did not remember smelling cannabis in Pederson's case, but later he recalled smelling the cannabis after reviewing the search warrant at the suppression hearing. At the hearing, the trial judge stated that, in any event, he would not have issued a search warrant based upon Pease's statement that he thought he smelled cannabis. Accordingly, it has not been argued on appeal, nor is it considered here, that the smell of marijuana was sufficient probable cause supporting the search warrant.
[2] We do not express an opinion as to the propriety of warrantless inspection searches, but there is authority for such a procedure pursuant to proper legislative authority. State v. Bailey, 120 Ariz. 399, 586 P.2d 648, 650 (Ariz. App. 1978). See also, Delaware v. Prouse, ___ U.S. ___, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979), n. 26.
[3] See Miller, 368 So.2d at 944.