PER CURIAM.
The state appeals, urging that the trial court erred in suppressing marijuana found in appellee’s vehicle. The court ruled that the affidavit for the search warrant failed to allege probable cause for the issuance of the warrant. We agree and affirm.
Appellee, Judith Webb, driving a pickup with a camper shell attached, by-passed the 1-75 agricultural inspection station and was stopped by Inspector Pease, who asked permission to look into the camper. Ms. Webb could not open the door and Inspector Pease escorted her back to the station for further inspection. When she again tried to open the camper door, Inspector Pease smelled what he believed was marijuana and placed Ms. Webb under arrest for violation of Section 570.15, Florida Statutes (1977). He read the Miranda rights to her, told her he smelled marijuana, and asked for consent to search the truck; consent was denied. Inspector Pease then drove Ms. Webb and the truck to the jail, obtained and executed a warrant for the search of agricultural, horticultural or livestock products.
As a result of this search Ms. Webb was charged with possession of marijuana and possession of marijuana with intent to sell.
The question we address is whether Inspector Pease’s affidavit stated sufficient probable cause to justify the issuance of a search warrant for such products.
Inspector Pease’s affidavit for a search warrant, in pertinent part states:
*885 . Because the affiant has, on pri- or occasions, found agricultural, horticultural or livestock products in vehicles of this type, affiant pursued and stopped said vehicle. . . . The driver was identified to the affiant as Judith A. Webb, and after being advised that she had run the inspection station without stopping, Miss Webb tried to open the rear of said vehicle with the only keys she had which fits the lock. At this time, the affiant smelled, from the crack of the door, what he believes is the odor of cannabis. From affiant’s training and experience, affiant has, on numerous pri- or occasions, smelled and recognized the smell as belonging to cannabis. Because this vehicle may contain agricultural, horticultural or livestock products, affiant has not compleated (sic) his inspection at this time.
Do these facts state probable cause to search for agricultural, horticultural or livestock products? We think not. “Probable cause . . . cannot be based on mere suspicion, but rather must be based on the facts known to exist.” Churney v. State, 348 So.2d 395, 397 (Fla. 3d DCA 1977), United States v. Gordon, 580 F.2d 827 (5th Cir. 1978). The allegations in Inspector Pease’s affidavit show only a mere suspicion, based on his past experience, that vehicles of “this type” often carry regulated products. Inspector Pease had no probable cause to believe that Ms. Webb’s vehicle was carrying such products and the affidavit states none. Pederson v. State, 373 So.2d 367 (Fla. 1st DCA 1979), 27 FLW 1078.
AFFIRMED.
ERVIN and LARRY G. SMITH, JJ., concur.
BOOTH, J., dissents.