383 So.2d 730 (1980)
Mark Stephen MAHLA, Appellant,
v.
STATE of Florida, Appellee.
No. MM-499.
District Court of Appeal of Florida, First District.
May 13, 1980.
*731 John D. Fernandez, P.A., and Ronald P. Teevan of Cooper, Rives, Strohauer & Teevan, P.A., Clearwater, for appellant.
Jim Smith, Atty. Gen., and Charles A. Stampelos, Asst. Atty. Gen., for appellee.
PER CURIAM.
Mahla appeals his judgment of conviction for possession of more than 100 pounds of marijuana with intent to sell following a plea of nolo contendere reserving the right to appeal the denial of his motion to suppress. Points 1 and 5 merit brief discussion.
As to Point 1, which raises several arguments, it was proper for Inspector Pease to stop Mahla's truck and to request inspection. § 570.15, Fla. Stat. (1977); Sharpe v. State, 370 So.2d 42 (Fla. 1st DCA 1979). Further, although Pease smelled marijuana during the inspection, he retained authority to subsequently arrest Mahla, and to seize him and the truck, for bypassing the agricultural inspection station. § 570.15(2), Fla. Stat. (1977). Afterwards, a search warrant for marijuana was prepared, with Pease as affiant, which directed the "sheriff or any of his duly constituted agents" to search the detained truck for marijuana. Deputy Denmark read the warrant to Mahla and then Pease aided the deputy sheriff in searching and unloading the truck of approximately 1270 pounds of marijuana. Mahla was then arrested on the possession charge. Contrary to Mahla's assertion, this procedure was in accordance with law. §§ 933.04-.08, Fla. Stat. (1977). Compare Pederson v. State, 373 So.2d 367 (Fla. 1st DCA 1979) (search for agricultural products by the inspector was not supported by probable cause under chapter 570); State v. Webb, 378 So.2d 884 (Fla. 1st DCA 1979) (search warrant needs to state probable cause for search of agricultural products when obtained and executed by the inspector).
Pease's claim, that he smelled marijuana based upon his "training and experiences," supported a finding of probable cause for the issuance of the warrant. State v. Knapp, 294 So.2d 338 (Fla. 2d DCA 1974), cert. denied, 302 So.2d 415 (Fla. 1974). See Berry v. State, 316 So.2d 72 (Fla. 1st DCA 1975). Thus, we reject the argument that Pease's training had to be described with particularity in the warrant to support probable cause. Even when an affiant relies upon the information given by an informer, the warrant need not detail every piece of evidence supporting each factual claim. See Chadwick v. State, 358 So.2d 901 (Fla. 1st DCA 1978).
Finally, regardless of Pease's motive for arresting appellant, we do not find his "pretextual arrest" theory applicable because it is clear that the arrest, otherwise valid, did not provide any basis for the warrant authorizing the search and seizure. Rather, the only practical effect of the arrest was to prevent appellant from simply driving off with over 1200 pounds of contraband. See generally State v. Holmes, 256 So.2d 32 (Fla. 2d DCA 1971), affirmed on other grounds, 273 So.2d 753 (Fla. 1972).
As to Point 5, although it was technically improper to have a blanket bond rather than an individual bond cover Pease, the bond substantially complied with the statutory prerequisites and therefore Pease lawfully performed his duties thereunder. § 570.151(1), Fla. Stat. (1971). See generally Carlton v. Constitution Indemnity Company, 117 Fla. 143, 157 So. 431, 435 (Fla. 1934); 1 Anderson on Sheriffs, Coroners, and Constables, § 19.
AFFIRMED.
ROBERT P. SMITH, Jr., and ERVIN and BOOTH, JJ., concur.