PER CURIAM.
The State appeals the trial court’s order suppressing marijuana found in appellees’ vehicle. We reverse.
Appellees were stopped by an inspection officer, after they were observed bypassing an agricultural inspection station, driving a pick-up truck with an attached camper shell. Appellees refused to allow the inspector to check the vehicle for regulated agricultural, horticultural, or livestock products. They were escorted back to the inspection station, and the inspector placed the driver, Farrugia, under arrest for bypassing the station. A deputy sheriff was then summoned.
While appellees were being detained at the inspection station, the inspector smelled an odor coming from the corner of the camper-top door which, from his training and experience, he identified as the odor of marijuana. He prepared an affidavit for a search warrant, reciting the aforementioned facts. On the basis of this affidavit, a search warrant was issued to “the sheriff ... or any of his duly constituted agents” to search the truck for marijuana. A search was conducted pursuant to this warrant, and a quantity of marijuana was discovered.
The trial court based its order suppressing the marijuana on this court’s decision in State v. Webb, 378 So.2d 884 (Fla. 1st DCA 1979). However, the instant case is clearly distinguishable from Webb. In that case, a search warrant was issued to an inspection officer to search for agricultural products, based on the inspector’s belief that he smelled the odor of marijuana coming from the truck. This court held that the odor of marijuana did not constitute probable cause to search for agricultural, horticultural or livestock products.
This court has previously held, however, that the odor of marijuana is sufficient probable cause to search for marijuana. Mattson v. State, 328 So.2d 246 (Fla. 1st DCA 1976). Here, the search warrant was issued to the sheriff or his agents, to search for marijuana. All of the prerequisites for a valid search warrant were present. See Mahla v. State, 383 So.2d 730 (Fla. 1st DCA 1980).
Accordingly, the order of the trial court is REVERSED.
SHIVERS, SHAW and THOMPSON, JJ., concur.