PER CURIAM.
Plaintiff Malcolme Newkirk appeals from a summary final judgment entered in favor of defendant Balboa Insurance Company. Balboa was the surety for an automobile dealership, Florida City Auto Sales, Inc., from whom plaintiff Newkirk purchased a used automobile. Balboa had posted a surety bond on behalf of Florida City with the Florida Division of Motor Vehicles to protect Florida City’s motor vehicle purchasers against loss or damage resulting from violations of Chapters 319 and 320 of the Florida Statutes.
In an action in the United States District Court for the Southern District of Florida, brought prior to the present action, plaintiff Newkirk recovered a judgment against Florida City for a violation of the federal Consumer Credit Protection Act, 15 U.S.C. § 1601 et seq. (1976). The specific violation in that action concerned the failure of Florida City to disclose certain credit terms to the plaintiff. The thrust of the plaintiff’s present action against Balboa, Florida City’s surety, was to recover the liquidated damages, costs and attorney’s fees awarded in the federal action. The complaint, in general terms, does allege a violation of the Florida Statutes and contains a prayer for damages.
Insofar as the present complaint sought recovery on the federal judgment with regard to the failure to disclose under the federal Consumer Credit Protection Act, the trial .judge correctly determined, as a matter of law, that such failure in and of itself was not sufficient to show a violation of Section 320.27, Florida Statutes (1975). This is so because the Florida statute requires an affirmative act of misrepresentation or fraud.[1] Nevertheless, the issue of the plaintiff’s right to recover for such an alleged act has not been determined. On a motion for summary judgment, where it appears from the pleadings that the plaintiff may have a cause of action, although not properly pleaded, he should be given an opportunity to plead further. See Firestone Tire & Rubber Co. v. Thompson Air *939 craft Tire Corp., 353 So.2d 137 (Fla.3d DCA 1977); and Heinlein v. Metropolitan Dade County, 216 So.2d 473 (Fla.3d DCA 1968).
Accordingly, we affirm that portion of the appealed order which denies the plaintiff’s right to recovery solely upon the United States District Court’s judgment against Florida City, we reverse that portion of the appealed order which enters a final judgment and we direct the trial court to enter an order granting the plaintiff a reasonable time to amend his complaint in accordance with the views expressed herein.
Affirmed in part, reversed in part and remanded.

. § 320.27(9)(e), Fla.Stat. (1975) prohibits: “Misrepresentation or false, deceptive, or misleading statements with regard to the sale or financing of motor vehicles which any motor vehicle dealer has, or causes to have, advertised, printed, displayed, published, distributed, broadcast, televised, or made in any manner with regard to the sale or financing of motor vehicles.”