738 P.2d 786

**STATE of Arizona, Plaintiff/Appellee,**

v.

**Juan Martin GUTIERREZ BARAJAS, Defendant/Appellant,**

**and**

**Ruben Barajas Valencia and Josefina Gutierrez Barajas, husband and wife, Real Parties In Interest.**

**No. 2 CA–CR 4806.**

Court of Appeals of Arizona,
Division 2, Department A.

May 28, 1987.

Robert K. Corbin, Atty. Gen. by William J. Schafer III and Robert S. Golden, Phoenix, for plaintiff/appellee.

Ruben Teran S., Douglas, for defendant/appellant and real parties in interest.

## OPINION

HOWARD, Presiding Judge.

Appellant was charged by indictment with unlawful possession of marijuana, a class 6 felony, unlawful possession of marijuana for sale, a class 4 felony, and transportation of marijuana, a class 2 felony. Appellant's parents posted a $7,000 cash appearance bond from their own funds in order to allow appellant's release to the third-party custody of the Mexican Consulate in Douglas, Arizona. Pursuant to a plea agreement, appellant pled guilty to attempted possession of marijuana for sale, a class 5 felony, in exchange for the state's dismissal of the remaining charges. The plea agreement provided: "The parties argue [sic] that if a fine is assessed, the fine shall not exceed $5,000." The agreement also provided that $100 would be assessed for the victim's compensation fund pursuant to A.R.S. § 13–808 (now § 13–812). Appellant was sentenced to the presumptive term of two years, and the court imposed a fine of $3,600 plus a 37 per cent surcharge, totalling $4,932. In the presentence report, such a fine was recommended by the probation officer to be payable in monthly installments or to "come from the bond money." In sentencing appellant, the court ordered that the fine and surcharge "be paid out of the cash bond posted, along with the assessment to the Victim's Compensation Fund of $100.00, after which the balance of the bond may be released to the Defendant's father, in care of [defendant's counsel]."

The trial court granted appellant's motion to reconsider his sentence on the ground that the presentence report was not provided to appellant or his counsel prior to sentencing pursuant to Rule 26.7(b), Rules of Criminal Procedure, 17 A.R.S. At the resentencing hearing, appellant's mother testified that his parents, who reside in Mexico, had mortgaged their farm and sold cattle to post the cash appearance bond. She testified that the money belonged to them and that they did not loan or give the money to appellant but merely posted it in order to obtain appellant's release, with the understanding that the funds would be returned to them when the appellant appeared pursuant to his release order. On resentencing, the court imposed the same sentence, ordering that appellant pay the fine in the amount of $4,932 along with the assessment to the victim's compensation fund of $100 out of the cash bond posted.

Appellant and his parents petitioned to exonerate the entire bond and submitted memoranda in support of the petitions. Following argument of counsel, the court denied the motion and the parents' petition. It is solely from the court's order that appellant's fine be paid from the proceeds of the appearance bond that appellant has appealed. The issue raised is stated as follows: "Does a criminal fine constitute a lien upon a cash appearance bond when the funds on deposit were posted by third-party benefactors from their own funds."

While our review of the record shows that appellant was aware that a fine could be imposed, there is nothing to indicate, until the time of the preparation of the presentence report, that the fine would be paid from the cash appearance bond posted by appellant's parents.

The release order similarly does not provide that the appellant's appearance bond may be forfeited to pay fines or other assessments. That order provides, "The defendant will execute an appearance bond approved by the court and binding himself to pay the state of Arizona the sum of Seven Thousand Dollars ($7,000) in the event he fails to comply with its conditions.... If the defendant violates any condition of an appearance bond, the court may order the bond and any security deposited in connection therewith forfeited to the state of Arizona." There is no contention that appellant violated the conditions of his release. In fact, he complied with all conditions.

Rule 7.6(d) and (e), Rules of Criminal Procedure, 17 A.R.S. provides:

> d. **Forfeiture.** If at any time it appears to the court that a condition of an appearance bond has been violated, it shall require the parties and any surety to show cause why the bond should not be forfeited, setting a hearing thereon within 10 days. If at the hearing, the violation is not explained or excused, the court may enter an appropriate order of judgment forfeiting all or part of the amount of the bond, which shall be enforcible [sic] by the prosecutor as any civil judgment.

> e. **Exoneration.** At any time that the court finds that there is no further need for an appearance bond, it shall exonerate the appearance bond and order the return of any security deposited.

In *State v. Bailey*, 120 Ariz. 399, 586 P.2d 648 (App.1978), the defendants argued that the trial court committed constitutional error in deducting fines from their cash appearance bonds. There, we distinguished federal law which involved claims by third parties and held that the defendants' own funds could be used to satisfy any fines imposed. In *Bailey*, the defendants cited *United States v. Bursey*, 515 F.2d 1228 (5th Cir.1975), and *Neely v. United States*, 357 F.Supp. 713 (S.D.Fla.1973), in support of the argument that the fines could not be satisfied from their cash appearance bonds. Those cases, however, "involved claims by third parties who intended neither to loan nor to give to the defendant the funds they deposited as security as a condition of release." *Id.* at 401, 586 P.2d at 650. That is exactly the claim made here. Appellant's mother testified that she did not loan the money to appellant, nor did she give it to him. Rather, appellant's parents deposited the $7,000 cash bond as security as a condition of appellant's release with the understanding that the money would be returned to them upon appellant's compliance with the release order.

The state cites *State v. Grant*, 44 Or. App. 671, 606 P.2d 1166 (1980), for the proposition that we are entitled to regard the parents' funds as appellant's property and make those funds available to satisfy appellant's obligations resulting from his conviction and sentence. That case was based upon an Oregon statute which the court construed to authorize a trial court to withhold a portion of a defendant's security deposit. Arizona has no such statute. Therefore, where the evidence shows, as in this case, that the third party who provided the security or appearance bond did not make a loan to or bestow a gift upon the defendant, the bond may not be forfeited except by agreement or pursuant to Rule 7.6 for violations of the conditions of release. No violations occurred here, nor did the release order or plea agreement provide that any fine be satisfied from appellant's cash appearance bond.

Pursuant to A.R.S. § 13–4035, we have searched the record for fundamental error and have found none. In view of our discussion above, the judgment of conviction is affirmed. The case is remanded to the trial court with instructions to amend the sentencing order to delete references to payments of the fine, surcharge, or victim compensation fund assessment from the cash bond and to enter an order exonerating the remaining amount of appellant's cash bond.

HATHAWAY, C.J., and FERNANDEZ, J., concur.