130 N.J. Super. 110 (1974)
325 A.2d 714
STATE OF NEW JERSEY, PLAINTIFF-APPELLANT,
v.
ETHAN KURLAND, DEFENDANT-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued May 28, 1974.
Decided September 3, 1974.
*111 Before Judges COLLESTER, LYNCH and MICHELS.
Mr. L. Steven Pessin, Deputy Attorney General, argued the cause for appellant (Mr. William F. Hyland, Attorney General of New Jersey, attorney).
Mr. Gerald B. Hanifan argued the cause for respondent.
PER CURIAM.
By leave granted, the State appeals from an order suppressing evidence seized by the police pursuant to a search warrant.
On March 20, 1973 the American National Bank & Trust Company in Phillipsburg was held up by a man armed with a revolver wearing a ski mask and an army field jacket. He escaped with $8,819 in a blue and white Dodge automobile.
The search warrant was issued on March 23, 1973 by the judge of the Phillipsburg Municipal Court. The warrant authorized the search of defendant's home at 37 Colby Street *112 and his Dodge automobile. The warrant was executed on the same day and police seized among other things, an army fatigue jacket and defendant's passbooks in New York banks showing deposits made of $6,137 on March 20, 1973 and $1,000 on March 21, 1973. They also seized his blue and white Dodge automobile bearing Wisconsin registration plates.
Defendant was indicted for armed robbery, two counts for assault with an offensive weapon and one count for unlawful possession of a revolver. He pleaded not guilty to the indictment and thereafter moved to suppress the evidence seized by the police. The court held that the affidavit upon which the search warrant issued was legally insufficient and granted the motion to suppress. This appeal followed.
The affidavit was made by Detective Sergeant Charles S. Erdie who alleged he had probable cause to believe that in defendant's residence and automobile there would be found, among other things, clothing worn by the suspect in the bank robbery, a revolver and money obtained during the robbery. The affidavit, in pertinent part, states:
3. That the facts tending to establish the ground for this application and the probable cause of my belief as aforesaid, are as follows:
On March 20, 1973 at approximately 11:27 A.M. a lone white male described as being approximately 5'7" tall, 140 to 150 lbs., dark hair and wearing army field jacket and ski mask held-up the American National Bank of Phillipsburg, New Jersey main branch located at So. Main and Market St.'s at which time he was armed with a snub-nosed black revolver and was carrying a shopping bag marked Lord & Taylor, bag was green in color with black lettering. Witness to robbery observed suspect to leave area in an automobile described at time of robbery as a Dodge with white top and blue bottom, possibly four door with dirt covered rear license plate which obscured the description of the said plate at time. Taken during robbery was monies in amount of $8,819.00 which included $2,000.00 in recorded $20.00 bills kept as bait money in tellers drawers.
Initial investigation indicated that suspect familiar with the town of Phillipsburg in that he caused a report to be made minutes before the robbery that three bombs were planted in three different schools within the town of Phillipsburg and further the caller mentioned the town Manager by name and requested "Mr. Curtis" and "three uniformed officers to meet him at the Hillcrest Shopping Center" situated *113 on opposite side of town from bank in question. Further investigation showed the suspect, Ethan Kurland had an account with the bank in question and believed familiar with said bank; also that on March 22, 1973 at approximately 10:30 P.M. an auto, described in this warrant as 1965 Dodge owned by Ethan Kurland, was located parked alongside the home of his parents at 37 Colby St. where he is known to be staying at this time and that observation of said auto shows that rear license plate was wiped clean to extent that numbers and letters on said plate were wiped free of road dirt while remainder of plate was dirty. It is to be noted that local newspaper carried story day of robbery that auto in question possibly bore N.J. Reg. but that plate was covered with dirt and illegible and also that auto was Dodge with white top and blue bottom; also that investigation revealed that on date of robbery, March 20, 1973 at approximately 9:15 A.M., suspect Ethan Kurland called Hertz Rental T/A Lennox Garage of 25th Street, Palmer Township, Penna. and requested to rent a car for couple of hours and that he needed same immediately and was informed they could not produce car for him on this short notice, this coupled with the fact that an inquiry with Wisconsin University shows subject withdrew from said school on February 9, 1973 subsequent thereto did return to the home of his parents, Alfred and Dorothy Kurland at said 37 Colby Place, prior to March 20, 1973.
In granting the motion to suppress the trial judge indicated he was troubled by the lack of identification of the sources of the information contained in the affidavit. He held that there was no suggestion of a reliable informant or a recital of the underlying circumstances required by Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). The State's contention on this appeal is that the affidavit set forth sufficient probable cause to justify issuance of the warrant.
The affidavit in this case obviously was poorly drawn. It resembles more a report of a police investigation than the form of an affidavit upon which a search warrant should issue. Moreover, there would appear to be no reason why the identity of the informants should not have been disclosed.
However, it is well settled that affidavits for search warrants should be tested and interpreted by municipal court judges and courts in a common sense and realistic fashion and without a grudging or negative attitude. They are normally drafted by nonlawyers in the midst and haste of a *114 criminal investigation. United States v. Ventresca, 380 U.S. 102, 108, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965); United States v. Harris, 403 U.S. 573, 577, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). Once the judge has made finding of probable cause on the proof submitted and issued the search warrant, a reviewing court should pay substantial deference to his determination and it will not be upset on appeal unless there is clearly no support for that conclusion. State v. Kasabucki, 52 N.J. 110, 117 (1968); and see, State v. Mark, 46 N.J. 262, 273 (1966).
A fair reading of the affidavit indicates that the affiant was informed by an eyewitness to the robbery that the witness observed the suspect leaving the scene of the crime in a two-tone blue and white Dodge automobile with the rear license plate obscured by dirt. The warrant-issuing judge could reasonably have concluded that the affiant or other police officers learned that an automobile of that description was owned by defendant; it was observed parked outside defendant's home the day following the robbery, and that the numbers on the license plate had been wiped clean while the remainder of the plate was dirty. The judge could also reasonably have concluded that other facts contained in the affidavit were ascertained by the affiant during the police investigation.
We are not here concerned with a report given to the affiant by the traditional police informer. The information concerning the suspect's escape in the blue and white Dodge automobile with the dirt covered license plate was provided by an eyewitness to the crime.
Probable cause for issuance of a search warrant may rest on reasonable trustworthy information from an informant. United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971). When information is provided by a cooperative citizen, or an informant not from the criminal milieu, there is less need for establishing credibility of the informant. An ordinary citizen who reports a crime has been committed in his presence stands on a much different ground *115 than a police informer. He is a witness to a crime who acts with an intent to aid the police in law enforcement because of his concern for society. He does not expect any gain or concession in exchange for his information. A citizen-informer of this type usually would not have more than one opportunity to supply information to the police, thereby precluding proof of his reliability by pointing to previous accurate information which he had supplied. We hold that when information is provided by a citizen-informer his prior reliability need not be established as a prerequisite for issuance of a search warrant. See generally, State v. Lakomy, 126 N.J. Super. 430, 435 (App. Div. 1974) (involving a "stop and frisk"); State v. Paszek, 50 Wis.2d 619, 184 N.W.2d 836, 843 (Sup. Ct. 1971); Erickson v. State, 507 P.2d 508, 517-518 (Alaska Sup. Ct. 1973); People v. Guidry, 262 Cal. App.2d 495, 68 Cal. Rptr. 794, 796 (D. Ct. App. 1968); In re Boykin, 39 Ill.2d 617, 237 N.E.2d 460 (Sup. Ct. 1968) (arrests without warrant).
Moreover, the "underlying circumstances" necessary to enable the warrant-issuing judge independently to judge the validity of the informant's statements were established by the fact that the eyewitness personally observed the commission of the crime (see State v. Perry, 59 N.J. 383, 392 (1971) and State v. Paszek, supra, 184 N.W.2d at 841-842) and were supported by the subsequent police investigation.
The order suppressing evidence is reversed.