355 So.2d 826 (1978)
Ronald Lee ROWE, Appellant,
v.
STATE of Florida, Appellee.
No. GG-408.
District Court of Appeal of Florida, First District.
February 15, 1978.
Rehearing Denied March 23, 1978.
*827 Michael J. Minerva, Public Defender, and Margaret Good, Asst. Public Defender, for appellant.
Robert L. Shevin, Atty. Gen., and Wallace Albritton, Asst. Atty. Gen., for appellee.
SMITH, Acting Chief Judge.
Appellant pleaded nolo contendere to a charge of possession of more than five grams of marijuana, reserving his right to appeal and to urge that the trial court erroneously denied his motion to suppress evidence. The contraband was seized from the Appellant's motel room after a search pursuant to a warrant. Appellant challenges the sufficiency of the affidavit for search warrant, urging that the affiant's reasons for regarding his informant as reliable are not sufficiently stated. Davis v. State, 346 So.2d 141 (Fla. 1st DCA 1977).
The law enforcement officer's affidavit recites:
"Your affiant has been informed by Charles Crawford, well known to your affiant to be a responsible citizen of the community and an employee of Days Inn of Orange Park, the location of the above-described premises.
"That said Charles Crawford has been on the premises in question within the past four (4) hours of the making of this affidavit and has there personally seen a large quantity of vegetable matter believed by the said Charles Crawford to be marijuana. Your affiant is further informed by the said Charles Crawford that the said vegetable matter is contained in a large yard and leaf plastic bag in which it is subdivided into smaller quantities contained in 16 ounce zip-lock plastic bags, the total quantity being an amount in excess of 20 pounds.
"Your affiant is further informed by the said Charles Crawford that he has on numerous occasions in the past seen similar vegetable matter known to him to be marijuana and that the vegetable matter here referred to is of the same matter. Further your affiant is familiar by training and experience with the current practices regarding storage and transportation of marijuana and the facts related by the above named informant are consistent with those practices."
The affidavit is sufficient. It describes some of the underlying circumstances from which the informant concluded that the marijuana was where he claimed it was and it describes some of the circumstances from which the officer concluded that the informant was credible and his information reliable. The circumstances are stated in sufficient detail to have permitted a neutral and detached magistrate to determine that there was probable cause for a search. Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); Spinelli v. United States, 393 U.S. 410, 89 S.Ct. 584, 21 L.Ed.2d 637 (1969).
Appellant urges particularly that the affidavit is defective because it does not establish the credibility of the informant, Charles Crawford, as by reciting the affiant's previous dealings with the informant or by listing other credentials. We would agree that an affidavit simply naming the informant of an otherwise unverified crime is an insufficient predicate for a search warrant. Although it has been suggested that the Aguilar-Spinelli standard requiring demonstration of the informant's credibility is applicable only when the informant is *828 unidentified, see United States v. Harris, 403 U.S. 573, 576, 91 S.Ct. 2075, 2078, 29 L.Ed.2d 723, 729 (1971) (plurality opinion); United States v. Bell, 457 F.2d 1231 (5th Cir.1972); United States v. Darensbourg, 520 F.2d 985 (5th Cir.1975); United States v. Burke, 517 F.2d 337 (2d Cir.1975), merely naming the informant in the affidavit does not obviate the concern for his credibility, especially where, as here, the criminal activity he reports is otherwise unverified. But indiscriminately requiring a recital in all cases of the informant's past record for reliability would undercut affidavits based on reliable statements by victims and witnesses not previously known to the police. Burke, 517 F.2d at 380. The Aguilar-Spinelli standard tests the unidentified informant's credibility because it is ultimately concerned with the probable reliability of his information. Thus, whether the informant was an identified victim or bystander, or an unidentified professional informant on the fringes of the illegal activity reported, or, as here, an identified witness to an offense not otherwise verified, the central question remains whether his information is shown by the recited circumstance to be reliable. Darensbourg, 520 F.2d at 989, et seq. (Godbold, J., dissenting).
Credibility of the informant is in all cases an element of the reliability of his information; but it need not be evidenced in any particular way. In this case Crawford's credibility and the reliability of his information are established by facts recited, and by inferences reasonably drawn from those facts. We disregard as flotsam the affiant's unexplicated evaluation of informant Crawford as "a responsible citizen of the community." The characterization is not irrelevant; it is simply unsupported by any reference to facts which would lead a disinterested magistrate to agree that, yes, Crawford is a responsible citizen of the community. But other recited facts lend reliability to Crawford's hearsay: he is an identified employee of an Orange Park motel; he personally observed the marijuana; he saw it on the motel premises where, as an employee, he had reason to be observant and to report truthfully what he saw; his description of the marijuana observed was detailed and in that detail was consistent with the officer's knowledge of the appearance of marijuana and the common forms in which it is packaged. All in all, the hearsay bears hallmarks of reliability.
AFFIRMED.
ERVIN and BOOTH, JJ., concur.