BOOTH, Judge.
This cause is before us on appeal from the orders of the Circuit Court, Okaloosa County, withholding adjudication of guilt and placing defendants on probation. Defendants pleaded nolo contendere to possession of more than 5 grams of marijuana, but with express reservation of their right to appeal the denial of their motion to suppress evidence allegedly obtained under an invalid search warrant.
The warrant for the search of the particular premises described issued on the affidavit of the investigator, G. B. Bishop. Bishop affirmed he had reason to believe, and did believe, that narcotics or dangerous drugs were being kept and used on the premises, and:
“That the facts tending to establish the grounds for this application and the probable cause of affiant believing that such facts exist are as follows:
Mr. Perry Thomas, lot 21, 1287 Pine Street, Seminole, FI., who is the owner and landlord of the mobile home described above. Within the last ten days stated to this investigator that on April 16,1977 while performing repairs on the above described mobile home,, (sic) Mr. Thomas observed what he recognized as Marijuana plants growing in several different containers located in the rear of the above described location. Mr. Thomas is retired from the U.S. Air Force with approximately (21) twenty-one years service in the Security Police field. Mr. Thomas stated to this investigator that he had received instruction in Narcotics and in the identification of marijuana and could identify marijuana.”
The contention is that the foregoing affidavit is insufficient because it does not allege, or show facts indicating that the named informant is “reliable.”
We disagree and uphold the search. The affidavit, when read in the “commonsense manner” dictated by the United States Supreme Court in United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), sufficiently indicates (1) the information is reliable, and (2) the affiant has *902 reason to believe in the truthfulness of that information. No more is necessary to satisfy the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), and its progeny.
In U. S. v. Burke, 517 F.2d 377 (2nd Cir.1975), the court was faced with a challenge to an affidavit by a named informant. The contention there, as in this case, was that there was an inadequate showing of probable cause because the affidavit contained no recital that the named informant was known to be reliable. The court, after reviewing the Aguilar/Spinelli precedents, made the following analysis (517 F.2d at 380, 381):
“Apart from the question of the precise standing of Spinelli after United States v. Harris, 403 U.S. 573, 581-83, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) . . . there has been a growing recognition that the language in Aguilar and Spinelli was addressed to the particular problem of professional informers and should not be applied in a wooden fashion to cases where the information comes from an alleged victim of or witness to a crime
******
Viewed in the light of these decisions, the affidavit was sufficient; it made evident that Thompson had been in the bedroom of Burke’s apartment and had talked with Burke about the gun, or at least that he had said so. See United States v. Sultan, supra [2 Cir.], 463 F.2d [1066] at 1068. To be sure, it would have been better if the affidavit had recited how Thompson had come to see and hear what he did and still better if there had been an affidavit by Thompson himself, . “a ‘ “substantial basis” for crediting the hearsay.’ United States v. Harris, supra, 403 U.S. at 581, 91 S.Ct. [2075] at 2080 (plurality opinion).” United States v. Sultan, supra, 463 F.2d at 1069. It is true also that Thompson could have been lying to the affiants, that the affiants could have been lying to the judge, or both. But such risks are inherent in any system allowing, as it must, that search warrants may be issued on something less than a full trial of the existence of probable cause.”
The Fifth Circuit, in U. S. v. Darensbourg, 520 F.2d 985 (5th Cir.1975), was also faced with an affidavit which had failed to attest to the reliability of the informant. The court stated:
“It is true that the affidavit did not describe the named informant, a fifteen-year old boy, as previously reliable, or as having given information in the past resulting in successful prosecutions, etc. It did, however, provide the name and address of the juvenile informant and thus lay the spectre of the anonymous troublemaker. (sic) In addition, it gave detailed information about the guns, what robbery they were used in, and where they were located. Such detail may base an inference that the informant gained his information in a reliable way. Spinelli v. United States, 393 U.S. 410, 417, 89 S.Ct. 584, 589, 21 L.Ed.2d 637, 644, .. . (1969), and so satisfy the alternative test under Aguilar’s second prong: . . . ”
This court, in Rowe v. State, 355 So.2d 826 (Fla. 1st DCA 1978) upheld the validity of an affidavit based on information given by a named private citizen informant who stated he had seen a quantity of marijuana packaged in large plastic bags and subdivided into smaller 16 oz. bags at the motel where he worked. The affiant verified that he was familiar with the current practices regarding the storage and transportation of marijuana and the facts related by the informant were consistent with those practices. The court found that the Aguilar/Spinelli standard was ultimately concerned with the probable reliability of an informant’s information rather than that informant’s credibility generally and stated:
“[0]ther recited facts lend reliability to Crawford’s hearsay: he is an identified employee of an Orange Park motel; he personally observed the marijuana; he saw it on the motel premises where, as an employee, he had reason to be observant and to report truthfully what he saw; his description of the marijuana observed *903 was detailed and in that detail was consistent with the officer’s knowledge of the appearance of marijuana and the common forms in which it is packaged. All in all, the hearsay bears hallmarks of reliability.”
Analyzing the probable reliability of the information here, we find that instead of a conclusive statement that the affiant believed the informant was reliable, the affidavit recited facts tending to establish that reliability: (1) the name and address of the informant, (2) an explanation of his connection to the information, (3) the details of his actual observation of the illegal drugs, and (4) information about the informant’s background which justified the affiant’s belief that he could in fact recognize illegal drugs. This is the kind of information useful to the “neutral and detached magistrate” in determining whether the informant’s report provides sufficient probable cause to justify a search.
We find that there was sufficient detail and plausibility in the information here to credit the hearsay. The fact that a named private citizen is previously unknown to the police does not allow the inference that the citizen is therefore unreliable or untruthful — on the contrary. Clearly the public interest is served by private citizens who are willing to identify themselves and to report criminal activity. The fact that the informant is identified by name and address “thus lay[s] the spectre of the anonymous troublemaker,” (Darensbourg, supra at 988) though as noted in Rowe, supra, does not in itself establish credibility. When the information is as precise and credible as that here, we conceive that constitutional guarantees are not offended by allowing a search based on that information.
AFFIRMED.
MILLS, Acting C. J., and ERVIN, J., concur.