SHIVERS, Judge.
The State appeals from an order granting defendants’ motion to suppress. The State contends the trial court erred in granting the motion to suppress because, contrary to the finding by the trial court, the affidavit in support of the search warrant was sufficient to indicate probable cause that marijuana would be found on the premises occupied by the defendants. We agree and reverse.
Defendants, Carol Maier, Kevin Maier, and Richard Cole, were charged by information on June 27, 1980, with possession of more than twenty (20) grams of cannabis. Subsequently, appellees filed a motion to suppress, alleging the affidavit supporting the search warrant executed on June 16, 1980, was insufficient because it did not show the quantity of cannabis reportedly seen on the premises and the affiant failed to allege the cannabis was still present at the time the affidavit was executed.
*629 The contested affidavit stated the affiant received information from a reliable confidential informant that the informant personally observed a quantity of cannabis on defendants’ premises “within the last fourteen days.”
In granting defendants’ motion to suppress, the trial court determined that the observation of an unspecified quantity of marijuana inside a private residence and. a fourteen day time period between that observation and the issuance of a search warrant failed to indicate probable cause sufficient to believe that a violation of a drug abuse law was taking place at the time of the execution of the warrant. We disagree.
The affidavit here, like the one in Chadwick v. State, 358 So.2d 901 (Fla. 1st DCA 1978), when read in the “commonsense manner” dictated in United States v. Ventresca, 380 U.S. 102, 109, 85 S.Ct. 741, 13 L.Ed.2d 684 (1965), sufficiently indicates: (1) the information is reliable, and (2) the affiant has reason to believe in the truthfulness of that information. This court determined, in Chadwick, that no more is necessary to satisfy the two-pronged test of Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964). In the instant case, the record indicates the affiant has been employed with the Jacksonville Sheriff’s Department for five years, including twenty months on the vice squad. Furthermore, the information in the affidavit was reliable as the informant had personally observed cannabis inside appellees’ premises and had in the past provided accurate information leading to the arrest of at least ten persons for drug related activities.
We also determine that the fourteen day period between the observation of the cannabis and the issuance of a warrant will not disturb the finding of probable cause. House v. State, 323 So.2d 659 (Fla. 1st DCA 1975). Citing Hamelmann v. State, 113 So.2d 394 (Fla. 1st DCA 1959), we held, in House, supra, that if the time period between the alleged criminal activity and the issuance of the search warrant is no more than thirty (30) days, a finding of probable cause will not be disturbed.
Accordingly, the order below granting appellees’ motion to suppress is REVERSED and this cause is REMANDED for action consistent with this opinion.
SHAW and THOMPSON, JJ., concur.