502 So.2d 990 (1987)
The STATE of Florida, Appellant,
v.
James Howard NOVAK, Appellee.
No. 86-1789.
District Court of Appeal of Florida, Third District.
February 17, 1987.
*991 Robert A. Butterworth, Atty. Gen., and Mark S. Dunn, Asst. Atty. Gen., for appellant.
Frank A. Rubino, Coconut Grove, for appellee.
Before BARKDULL and DANIEL S. PEARSON and JORGENSON, JJ.
DANIEL S. PEARSON, Judge.
The question on this appeal is whether, as the State contends, a warrant authorizing the search of certain premises is made valid by the mere fact that the police officer's affidavit, pursuant to which the warrant issued, identified the informant by name, notwithstanding that the affidavit, in all other pertinent parts, recounted only that the affiant was told by this sixteen-year-old, first-time informant that there was cocaine in the subject premises and contained no allegation whatsoever respecting the informant's veracity or that the information supplied had been corroborated in any way. As the question suggests, it is the State's theory that naming the informant in the affidavit is a circumstance which, by itself, enables the affidavit to pass muster under the binding totality of circumstances test of Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983). As did the trial court, we reject the State's contention and affirm the order granting the defendant's motion to suppress.

I.
The defendant was arrested when City of Miami police officers found cocaine while executing a search warrant at his residence. The warrant was issued based on an affidavit of a City of Miami police officer who asserted that he had probable cause for believing that cocaine was to be found on the described premises because:
"Your affiant Detective Robert Fielder is a City of Miami Police Officer with more than ten (10) years of experience. Your affiant has had training and experience in undercover narcotics investigations and narcotics recognition.
"On Friday March 22nd 1985, your affiant met with Officer Bill Martin of the Coral Gables Police Department. Officer Martin introduced your affiant to a White Male name[d] D---- C----.[1]
"D---- C---- told your affiant that he was sixteen (16) years old and he is a student of Coral Gables High School. D---- C---- also told your affiant that he had knowledge regarding Cocaine dealing by a known drug dealer named Thomas Marrone.
"Your affiant and other members of the Miami Police Department and the Coral Gables Police Department have extensive files documenting Criminal Activity by Thomas Marrone. In November of 1984, Thomas Marrone was arrested by your affiant and other officers for the charge of trafficking in cocaine. After the arrest Thomas Marrone was used as a Confidential Informant in several large drug investigations.
"On December 14th 1984, your affiant and other officers met with Judge Harold Solomon in regards to requesting that Thomas Marrone received a sentence of probation in exchange for his cooperation and drug investigations. Judge Solomon placed Thomas Marrone on probation for a period of forty-two months with the special condition that he not have any involvement with juveniles or any illegal drugs.
"D---- C---- told your affiant that he has known Thomas Marrone for two (2) years, and that during the relationship C---- has received amounts of cocaine from Marrone at least seventy-five (75) times. C---- told your affiant that he was told by Marrone that "The Premises" is maintained for the *992 purposes of storing and packaging of cocaine.
"C---- told your affiant that he last met with Marrone at "The Premises" on Sunday March 18th 1985, between the hours of 2:00 a.m., and 6:00 a.m. C---- told your affiant that at that time Marrone gave him approximately 8 grams of cocaine. C---- stated that he, Marrone and two (2) other males consumed a quantity of cocaine at "The Premises" at that time.
"C---- told your affiant that Marrone supplies the cocaine to him free of charge because he has worked for Marrone in the past in the capacity of a cocaine courier. C---- stated that while he was at "The Premises" Marrone showed him a large clear plastic bag that contained a kilogram of cocaine.
"C---- told your affiant that Marrone is a homosexual with the preference for teenage boys. C---- states that Marrone induces them by offering free cocaine.
"C---- has admitted to using cocaine in the past and is able to identify cocaine."[2]

II.
The State argues that because the informant was identified by name, he became in the eyes of the law a so-called "citizen-informant," a status that relieved the State from supplying any information about the informant's veracity to the issuing magistrate.[3] Although there is considerable, if not unanimous, support for the proposition that the veracity of citizen-informants need not be substantiated, young C----, as is evident from the affidavit, could hardly be characterized as a citizen-informant despite being named in the affidavit. In deciding whether a search warrant affidavit contains probable cause, numerous cases have held that the still highly relevant inquiry about the informant's veracity, see Blue v. State, 441 So.2d 165 (Fla.3d DCA 1983), is satisfactorily answered by the mere showing that the informant is an ordinary citizen, an eyewitness, a disinterested bystander, or a victim of the crime. See W. LaFave, Search & Seizure § 3.4(a) (2d ed. 1987). The various justifications for the rule presuming the trustworthiness of this type of witness are that: the absence of a prior relationship between the witness and the accused makes remote a motive to falsely accuse; unlike the informant involved in the accused's "criminal milieu," the public-spirited citizen gives his information out of his interest in law enforcement, not out of vindictiveness *993 against the accused or for concessions or payments; in the usual case, the information given concerns the identification of the perpetrator of a recently completed crime, where the reliability of the information can be promptly and readily ascertained; and, as a practical matter, the usual method of proving veracity used with professional informants  that is, past performance  is not available when the informant is a one-time, non-professional. Id. But an informant who, as C----, is intimately involved in the commission of the crime is a person said to be within "the criminal milieu" and is the antithesis of the disinterested, impartially-motivated citizen-informant. See State v. Kurland, 130 N.J. Super. 110, 325 A.2d 714 (App.Div. 1974). See also United States v. Campbell, 732 F.2d 1017 (1st Cir.1984). Should it then make any difference that the affidavit tells us his name?

III.
The declaration in Aguilar v. Texas, 378 U.S. 108, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964), that an affidavit based solely on the hearsay report of an unidentified informant must set forth circumstances showing that the informant is credible, obviously does not mean that an affidavit based solely on the hearsay report of an identified informant need not set forth circumstances showing that the informant is credible.
"It does not follow ... that if the name of the person providing the information is disclosed, then he is by virtue of that fact alone properly characterized as a citizen-informer entitled to the presumption of reliability. `That a person is named is not alone sufficient grounds on which to credit one factor which may be weighed in determining the sufficiency of an affidavit.' Thus, if the person giving the information to the police is identified by name but it appears that this person was a participant in the crime under investigation ... then the more strict rules regarding the showing of veracity applicable to an informer from the criminal milieu must be followed."
W. LaFave, Search & Seizure § 3.4(a), at 726-27 (footnotes omitted).
We think it clear in the present case that C----  according to the affidavit, an admitted long-standing courier and consumer of drugs on the premises to be searched  is not entitled to the presumption of reliability accorded to the citizen-informant. Although in the broad spectrum of informants, there may be more to be said for one who is named than one who is anonymous,[4] the more that can be said does not itself establish veracity. Judge Goldberg's words in United States v. Martin, 615 F.2d 318, 325 n. 9 (5th Cir.1980), are particularly applicable here:
"[One other basis] suggested by the court below, for establishing the informant's reliability may be succinctly dismissed... . [N]othing is added to the affidavits by the naming of the informants. When hearsay affidavits from informants are submitted to a magistrate, the concerns of Aguilar must be met if he is to fulfill his constitutional role. The naming of the informants places no facts relevant to their trustworthiness before the magistrate. With the exception of one situation, this court has subjected hearsay affidavits from named declarants to the same rigors under Aguilar as those from confidential sources. See, e.g., United States v. Barham, 595 F.2d 231, 244 (5th Cir.1979); United States v. Ashley, [569 F.2d 975, 981 (5th Cir.1978)]. The one exception is the situation in which the information is received from an `identified bystander or victim-eyewitness to a crime.' United States v. Bell, 457 F.2d 1231, 1238 (5th Cir.1972). Such persons are not `intimately *994 involved with the persons informed upon and with the illegal conduct at hand' as other informants often are. Their reliability thus need not be established in the affidavit. Id. From the face of the affidavit in this case, it is obvious that Bell has no application here; indeed, the Government has never argued that it does."
See Rowe v. State, 355 So.2d 826, 827 (Fla. 1st DCA 1978) ("simply naming the informant of an otherwise unverified crime is an insufficient predicate for a search warrant"); see also Wilson v. State, 314 A.2d 905, 907 (Del. 1973) ("The State may not claim citizen-informer status for this informant. This was not the case of an average law-abiding citizen doing her civic duty by reporting a crime; in such case the mere revelation of identity and reporting of criminal activity by the citizen may be enough to constitute probable cause... . This informant was not a passive observer of a crime; she was a confessed drug-law violator and robbery participant, presumably cooperating with the police for personal reasons." (citation omitted)).
Nothing in State v. Robinson, 460 So.2d 440 (Fla. 5th DCA 1984), cert. dismissed, 464 So.2d 555 (Fla. 1985), upon which the State relies, is contrary to our conclusion that the naming of C----, by itself, is not significant to the probable cause determination. In Robinson, the court stated that:
"Martin clearly was not a confidential informant, despite his characterization as such in Blubaugh's affidavit. He gave his own independent affidavit in support of the warrant, revelation of his identity was never objected to by the State or concealed from the defense, and he was deposed by the defense in a pretrial proceeding. Therefore, it was never incumbent upon the police to establish his reliability."
Id. at 443.
In cursory fashion, the State reads these words to mean that because Martin was not a confidential informant, there was no need to establish his reliability. But, as the facts of Robinson show, the court's labelling of Martin as "not a confidential informant" was merely intended to equate him with a citizen-informant, not a named informant. As we have said, where, as in Robinson, it is shown by the affidavit that a person came into possession of his information concerning the existence of drugs on premises through innocent observation, see W. LaFave, Search & Seizure, § 3.4(a), cases collected at 728 n. 70, that person can be considered a citizen-informant and his reliability presumed. But, where that is not the case, whether the informant is anonymous or named will make no difference.
Affirmed.
NOTES
[1] The affidavit contains the name of the informant. Because of his age and the sensitivity of the information concerning him, we have deleted his name from this opinion.
[2] The integrity of the informant was challenged and severely eroded in an evidentiary hearing conducted by the trial court. The order granting the defendant's motion to suppress reflects that the police had met C---- only once before when they admonished him for truancy; C---- had never before furnished them with any information; one detective believed that C---- had lied when he denied being a homosexual; C---- refused to tell the police the names of the two other males who allegedly were with him at the premises on March 18, 1985; and C---- was told by the police that anything he said would not be used against him so that no statement made by him could be considered to be against his penal interest. See United States v. Harris, 403 U.S. 573, 91 S.Ct. 2075, 29 L.Ed.2d 723 (1971) (admission against penal interest may support credibility of informant); Blue v. State, 441 So.2d 165 (Fla.3d DCA 1983) (same); United States v. Ashley, 569 F.2d 975 (5th Cir.) (admission against penal interest is not alone sufficient to establish credibility of informant), cert. denied, 439 U.S. 853, 99 S.Ct. 163, 58 L.Ed.2d 159 (1978). However, because the trial court did not find that the affiant had made any deliberately false statement or any statement in reckless disregard of the truth and instead suppressed the evidence solely on the ground that the affidavit was insufficient to show the informant's veracity or the reliability of his information, we limit our discussion to the four corners of the affidavit.
[3] Other than the recited fact that the police knew Marrone to be a convicted drug dealer, the affidavit contains no detailed information supplied by C---- which could possibly lead a magistrate to credit the reliability of C----'s totally uncorroborated information. Surely the mere fact that an informant of no known veracity tells the police that a person they know to be a convicted drug dealer is dealing drugs is, by itself, patently insufficient to show that the informant's information was reliable. We do not read the State's argument, which focuses primarily on the significance of the naming of the informant, as seriously contending otherwise.
[4] See W. LaFave, Search & Seizure § 3.4(a), cases collected at 722 n. 51. The distinction made in the cases is that the named informant, unlike the anonymous informant, is "exposed to public view," is not "faceless," may be liable for damages in a civil action for malicious prosecution, and may be later called as a witness and exposed to a perjury charge if the testimony is contrary to the statements attributed to the informant in the affidavit.