CAMPBELL, Judge.
Appellant challenges the trial court’s denial of his motion to suppress drug paraphernalia seized from his residence pursuant to a search warrant. Appellant contends that the affidavit upon which the search warrant was based failed to show that the informant supplying the information for the warrant was reliable. We agree.
The affidavit that formed the basis for the issuance of the search warrant was based on statements made by an informant whose identity was kept confidential. The informant stated to law enforcement that he had known appellant for approximately five years and had personally observed several pounds of marijuana and various items of paraphernalia in appellant’s residence within days pri- or to the search. The informant stated that the reason for coming forward with this information was concern for the safety of children in the area.
The state argues that the informant in this case is a “citizen informant” and entitled to a presumption of reliability unlike a confidential informant. See State v. Novak, 502 So.2d 990 (Fla. 3d DCA), rev. denied, 511 So.2d 299 (Fla.1987). We disagree. Merely stating that the informant is a citizen or confidential informant does not obviate the concern for his credibility, especially where the report is *429 unverified. See Rowe v. State, 355 So.2d 826 (Fla. 1st DCA 1978).
The facts in this case indicate that the informant was not simply an honest, disinterested citizen. As stated above, the informant had known appellant and others who resided with appellant for several years and had been inside of the residence within days of the search and observed marijuana, rolling papers, pipes and scales. The informant also stated that he had used marijuana in the past and was familiar with what the drug looked like. The only other fact relied upon to support the search was the statement by law enforcement in the affidavit that they had knowledge of narcotics dealings at appellant’s residence. This is insufficient to corroborate the informant’s information. See State v. Rivera, 634 So.2d 302 (Fla. 5th DCA 1994).
Since the affidavit underlying the search warrant was deficient in that it failed to contain facts regarding the informant’s reliability, we reverse the order denying appellant’s motion to suppress and remand for further proceedings.
DANAHY, A.C.J., and FRANK, J., concur.