750 A.2d 149 (2000)
330 N.J. Super. 496
STATE of New Jersey, Plaintiff-Appellant,
v.
John SIBILIA, Defendant-Respondent.
Superior Court of New Jersey, Appellate Division.
Submitted April 18, 2000.
Decided May 5, 2000.
*150 Thomas V. Manahan, Union County Prosecutor, for plaintiff-appellant (Frank Muroski, Assistant Prosecutor, on the brief).
Richard S. Lehrich, Cranford, for defendant-respondent.
Before Judges PRESSLER, KIMMELMAN and CIANCIA.
The opinion of the court was delivered by CIANCIA, J.A.D.
The issue presented in this appeal concerns the distinction between an anonymous informer and a citizen witness whose name has not been provided.
On leave granted, the State of New Jersey appeals a trial court order suppressing two bottles of methadone illegally possessed by defendant John Sibilia. Those drugs were the basis for an indictment charging defendant with possession of a controlled dangerous substance, in violation of N.J.S.A. 2C:35-10a(1). We now reverse the order granting suppression.
The relevant facts are as follows. On Saturday, April 10, 1999, Officer William Fuentes of the Union Township Police Department, was in uniform working off duty as a security guard at a local methadone clinic. He had performed this job on approximately fifty prior occasions and knew that the illegal sale of methadone was a constant problem, particularly on Saturdays when clinic patients received a bottle to take with them so that they would have a Sunday dosage. Fuentes had observed approximately thirty instances of illegal sales of methadone, although he did not specify over what period of time.
On the day in question, three of the clinic's patients told Fuentes there was a white male outside attempting to buy bottles of methadone. The officer knew each of these women from his work at the clinic, although he did not know their names. The third patient that approached him described the man attempting to purchase the drugs as a white male wearing a brown jacket, a plaid or "lumberjack" shirt and blue jeans. She further said he had a "scruffy" appearance. This woman "continued *151 on line, got medicated" and then accompanied Fuentes outside where she pointed out defendant who was standing across the street. Defendant's appearance was consistent with the patient's description. Fuentes approached defendant, who first tried to ignore the officer. As Fuentes got closer, defendant "was visibly nervous, shaking." In response to the officer's question, defendant denied attempting to purchase methadone. Fuentes informed defendant he was going to pat him down for his own safety. When he did so he felt the distinctive shape of two methadone bottles in defendant's pocket. Defendant then admitted possessing the drugs. Defendant was not a clinic patient. The woman who had pointed out defendant left the area without Fuentes ever asking her name.
On these facts the motion judge granted defendant's motion to suppress. The judge believed the officer was obligated to observe defendant in an effort to verify the information he received before approaching defendant, making inquiry of him and then patting him down. In our view the actions of Officer Fuentes were within constitutional parameters by virtue of reliable information supplied by a citizen informer. That information constituted probable cause to arrest.
We are not here dealing with information from an anonymous informer such as that which recently concerned the United States Supreme Court in Florida v. J.L., ___ U.S. ___, 120 S.Ct. 1375, 146 L.Ed.2d 254 (2000). There, an anonymous caller reported to the police that a young black male was standing at a particular bus stop, wearing a plaid shirt and carrying a gun. Nothing was known about the informant, the source of his information or the location from which the call had been made. The Supreme Court found the information was not sufficiently reliable to justify a stop and frisk of the defendant. Writing for the Court, Justice Ginsburg said: "All the police had to go on in this case was the bare report of an unknown, unaccountable informant who neither explained how he knew about the gun nor supplied any basis for believing he had inside information about J.L."___U.S. at___, 120 S.Ct. at 1379. In a concurring opinion, Justice Kennedy distinguished the case then before the Court from other possible factual scenarios. In part he stated:
If an informant places his anonymity at risk, a court can consider this factor in weighing the reliability of the tip. An instance where a tip might be considered anonymous but nevertheless sufficiently reliable to justify a proportionate police response may be when an unnamed person driving a car the police officer later describes stops for a moment and, face to face, informs the police that criminal activity is occurring. This too seems to be different from the tip in the present case. See United States v. Sierra-Hernandez, 581 F.2d 760 (C.A.9 1978).[1]
[___ U.S. at ___, 120 S.Ct. at 1381.]
It is just such a citizen informer, indeed a citizen witness, who identified defendant and his illegal activity to the police in the present case. The woman was someone known to Officer Fuentes as a clinic patient. As such it was inferable that she would return to the clinic in the near future. She sought no personal gain for her information and no other ill motive is apparent. She described defendant when she was inside the clinic and then went outside and pointed him out to the officer. Defendant, in fact, fit her description. Her accusations were supported, in general, by two other clinic patients, neither of whom had anything improper to gain from telling Fuentes what was going on. It was logical for the officer to assume that at least one woman, perhaps all three, had actually witnessed an illegal attempt to purchase methadone. The only piece missing from the stereotypic citizen witness is identification by name. It is clear, *152 however, that the woman did not refuse to give her name. Indeed, as she must have known, her identification was certainly available from the clinic. Fuentes had seen her before and it is inferable that she had seen him. Although the issue is fact sensitive, it is clear that the actual name of a citizen witness is not always a sine qua non to legitimate police action. See, e.g., State v. Alvarez, 238 N.J.Super. 560, 566, 570 A.2d 459 (App.Div.1990); State v. Kurland, 130 N.J.Super. 110, 114, 325 A.2d 714 (App.Div.1974); State v. Lakomy, 126 N.J.Super. 430, 315 A.2d 46 (App.Div.1974); see 2 W. LaFave, Search and Seizure, § 3.4(a), p. 218 (3d ed. 1996) ("[I]t is one thing for a person giving the information to be anonymous even to the police and quite another for him to be `known to the police but merely unidentified,'" quoting from State v. Lindquist, 295 Minn. 398, 205 N.W.2d 333 (1973)).
In State v. Williams, 168 N.J.Super. 352, 357, 403 A.2d 28 (App.Div.1979), we said the following concerning Lakomy and Kurland:
We understand the import of those cases to be that the indicia of an informant's trustworthiness necessary to support a finding of probable cause may be found where the information relied on has been supplied by an ordinary citizen witness who is not a traditional police informer and whose identity, though not furnished to the issuing judge is known to the police. See also State v. Singleton, 158 N.J.Super. 517, 524-26, 386 A.2d 880 (App.Div.1978). This principle is inapplicable where, as here, the informant has intentionally withheld his identity and no other evidence is at hand to verify his reliability. See Aguilar v. Texas, 378 U.S. 108, 114, 84 S.Ct. 1509, 12 L.Ed.2d 723 (1964); State v. Perry, 59 N.J. 383, 389, 283 A.2d 330 (1971).
Here the clinic patient was "known" to Officer Fuentes in a meaningful way even though he did not have her name. The facts are more than sufficient to establish her as a citizen witness. As such the information she supplied had the indicia of reliability. Moreover, she not only provided information describing defendant, but she went outside with the officer and pointed him out. That information and identification, combined with the statements of the other two patients, the officer's prior knowledge of methadone sales in the area, defendant's location and apparent nervousness, all combined to provide probable cause to arrest defendant for the attempted purchase of a controlled, dangerous substance. Wildoner v. Borough of Ramsey, 162 N.J. 375, 389-391, 744 A.2d 1146 (2000); Sanducci v. City of Hoboken, 315 N.J.Super. 475, 480-481, 719 A.2d 160 (App.Div.1998). That probable cause justified the pat-down and subsequent arrest of defendant. The motion to suppress should have been denied.
Reversed and remanded for further proceedings.
NOTES
[1] cert. denied 439 U.S. 936, 99 S.Ct. 333, 58 L.Ed.2d 333 (1978).